### COOPER GROCERY CO. v. GADDY.

(Court of Civil Appeals of Texas. Austin. Dec. 6,· 1911.)

1. COURTS (§ 121*)—COUNTY COURTS—JURISDICTION—AMOUNT IN CONTROVERSY.

A petition, in an action in the county court, which demands judgment for $190.92 for goods sold under a contract stipulating for 10 per cent. attorney's fees in the event of a suit on the account, and which shows interest of $29.17, states a cause of action within the jurisdiction of the county court, though the amount of interest cannot be considered in determining the amount in issue.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–426; Dec. Dig. § 121.*]

2. BANKRUPTCY (§ 419*) — DISCHARGE OF BANKRUPTCY — DEBTS NOT DISCHARGED — FRAUD.

A petition, in an action for the price of goods sold, which alleges that defendant has been discharged in bankruptcy, and that the debt sued on is a liability for misrepresentation, and is therefore not a discharged debt, bases a recovery on fraudulent representations of defendant to obtain the goods from plaintiff.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 419.*]

3. BANKRUPTCY (§ 407*) — DISCHARGE OF BANKRUPTCY — DEBTS NOT DISCHARGED — "FRAUD."

The "frauds" which destroy the effect of a discharge in bankruptcy, within Bankruptcy Act July 1, 1898, c. 541, § 17, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), providing that a

discharge in bankruptcy shall not release judgments in actions for fraud or obtaining property by false pretenses or representations, are those connected with the obtaining of property by false pretenses or false representations involving moral turpitude or intentional wrong; and implied fraud, existing without the imputation of bad faith and immorality, is insufficient.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 407.*

For other definitions, see Words and Phrases, vol. 3, pp. 2943–2954; vol. 8, p. 7666.]

Appeal from McLennan County Court; Tom L. McCullough, Judge.

Action by the Cooper Grocery Company against J. Homer Gaddy. From a judgment for defendant, plaintiff appeals. Affirmed.

Davis & Cocke, for appellant. W. L. Eason, for appellee.

## Findings of Fact.

JENKINS, J. On August 13, 1907, and for some time prior and subsequent thereto, appellee was engaged in the grain and grocery business in Waco, Tex., under the firm name and style of the Gaddy Grain & Grocery Co. During said time, appellant was engaged in the wholesale grocery business in said city. On October 7, 1908, appellee was discharged in bankruptcy. Appellant brings this suit, alleging that the debt herein sued on was for groceries obtained from appellant by reason of false and fraudulent representations by appellee on said 13th day of August, 1907. Appellee pleads his discharge in bankruptcy as a bar to this suit.

The evidence shows that on said 13th day of August, 1907, appellant's creditman called on appellee at his place of business, and obtained from him a statement as to the condition of his business, which statement, among other things, contained the following: "The above is a true and accurate statement of my assets and liabilities, and upon which I desire credit based in my purchases from the Cooper Grocery Company, and the same shall stand good as to all subsequent purchases, unless at the time of such subsequent purchases I shall notify them of any change in my assets or liabilities, and I hereby bind myself to give such notice in case of any material change in my pecuniary condition; otherwise all subsequent purchases to be made on the faith of the above statement." This statement also contained a provision that all indebtedness shall bear interest at the rate of 10 per cent. per annum from maturity, and, in the event suit is brought on same, that 10 per cent. attorney's fees shall be allowed.

Appellee admitted making the said statement, and also admitted that his indebtedness at the time the same was made was as much as $1,000 in excess of the amount shown by said statement, but he denied that said statement was given as a basis of credit. Appellee's evidence upon this point is to the effect that he had been trading with appellant for some time prior to giving said statement; that he was indebted to it at that time in about the sum of $1,400; that it was during the time known as the "panic," and that business was dull, and that he had gone to Mr. Cooper, the president of said company, prior to the giving of said statement, and told him that he was financially embarrassed, and asked his advice as to whether or not he should attempt to continue business, and was advised by said Cooper to continue his business as economically as possible, and that he would continue to sell him groceries on a credit; that he made a similar statement to the Rotan Grocery Company at said time, and received the same advice. Thereafter he continued his business economically and that prior to his bankruptcy he had reduced his indebtedness to appellant about 50 per cent.; that the creditman of appellant called on him at his place of business on the date above stated, with a printed blank used by appellant, and informed appellee that he desired a statement as shown by said blank; that appellee informed said party that he could not give him an accurate statement, and that said party stated that it was unnecessary that he do so, but asked him to make an estimate, stating that his reason for asking for said statement was that it was the custom of his house to take such statements once a year, and gave appellee to understand that it was a mere matter of form; that the statements therein made as to his goods on hand were based upon his inventory, taken on the 1st of January; and that the creditman of appellant was so informed. The evidence shows that the answers were all filled out by appellant's creditman; and that he knew that no examination of appellee's books was made at the time said statement was given.

The case was submitted to the jury upon the issue of fraud, and verdict was returned by them in favor of appellee. The verdict of the jury in appellee's favor might, under the charge of the court, have been based, either upon the finding that the statement was not given as a basis of credit, or that there was no willful concealment or misrepresentation upon the part of appellee.

## Opinion.

[1] 1. Appellee excepted to appellant's petition, on the ground that it appeared therefrom that the county court had no jurisdiction, and has made a cross-assignment of error as to this matter. The petition showed the amount due on the account was $190.92. There were two items of interest, amounting to $29.17, which, of course, cannot be considered on the issue of jurisdiction; but,

by virtue of the statement above referred to, appellee contracted to pay 10 per cent. attorney's fees on the amount of said account, which brings the amount sued for within the jurisdiction of the county court, without taking the interest into consideration, for which reason the court did not err in overruling said exception, and said cross-assignment of error is here overruled.

[2] 2. Appellant's first assignment of error is as follows: "The court erred in submitting the case to the jury on the proposition and theory of its being a suit for fraud, when it should have been submitted to the jury upon the proposition or theory of its being a suit for a debt which was not discharged in bankruptcy, if certain facts existed." The "certain facts" must have been that said property was obtained by fraud; otherwise the discharge in bankruptcy would have been a bar to this suit. Appellant, plaintiff in the court below, alleges that appellee had been adjudged a bankrupt, and thereafter discharged; and further alleges "that the debt sued on herein is a liability for misrepresentation by defendant Gaddy, and is therefore not a discharged debt." We hold that appellant's petition shows this to be a suit based upon the alleged fraudulent representations of appellee to obtain property from appellant. If it is not such suit, appellant had no standing in court.

[3] 3. The principal issue in this case is as to whether or not in order to prevent appellant's discharge in bankruptcy being a bar to recovery in this suit, he must have known that said statement was false in a material matter at the time he gave the same. The case was not submitted to the jury upon the theory that the appellee must have known of the falsity of said statement at the time it was made. The appellant's proposition as to this matter is, in substance, that "it makes no difference whether Gaddy knew at the time he made the statement that it was not correct;" and that "the jury should have been charged, under the circumstances, that a false statement as to a material fact made by Gaddy, who had full opportunity to know whether it was true or not, although it may not have been actually known by him to be false, has the same force and effect as a false statement, actually known by him to be false."

Appellant cites in support of its contention Bank v. Bamberger, 77 Tex. 48, 13 S. W. 959, 19 Am. St. Rep. 738, Morrison v. Adoue, 76 Tex. 255, 13 S. W. 166, and Wright v. Mortgage Co., 42 S. W. 792. These cases are not authority upon the issue presented in this case, for the reason that they did not involve the construction of the bankrupt act, but were cases in which the sellers sought to rescind contracts of sale by reason of false representations made to induce such sale.

Appellant also cites Katzenstein v. Reed, 41 Tex. Civ. App. 106, 91 S. W. 360, which did involve the construction of section 17 of the bankrupt act now in force. The citation in that case from Morrison v. Adoue, supra, was not applicable to said case, for the reason above stated, and anything which might have been said by the court in that case with reference to "a false statement made by a buyer, who has full opportunity to know whether it is true or not," in so far as the same is sought to be applied to a case where the party did not know of the falsity of the statement, must be considered as dictum, for the reason in that case "it was alleged that appellant, while knowingly insolvent, with intent to deceive and defraud appellees, falsely and fraudulently represented to their agents that he was solvent, and had assets largely in excess of his liabilities, and that appellees, relying on such representations, sold the goods to appellant, and were defrauded by them." The court found such allegations to be true, as is shown by the following from said opinion: "The facts in this case not only showed that appellant had no reason to believe the statements made by him to be true, but the circumstances lead to the irresistible conclusion that he was thoroughly conversant with the condition of his finances, and knew that he was insolvent, and that the statements were made with intent to deceive those from whom he intended to purchase merchandise." We do not doubt the correctness of the conclusion reached by the court in said case.

The frauds which will bar discharge are those connected with the obtaining of property by "false pretenses," or "false representations." "Only those liabilities strictly within subdivision 2 are now not affected by a discharge. Such frauds, as well as those included within the original section, are frauds in fact involving moral turpitude or intentional wrong. * * * Implied fraud, or fraud in law, which may exist without the imputation of bad faith or immorality, is insufficient." Collier on Bankruptcy (7th Ed.) p. 319; Neal v. Clark, 95 U. S. 704, 24 L. Ed. 586; Hennequin v. Clews, 111 U. S. 676, 4 Sup. Ct. 576, 28 L. Ed. 567, 568; Strang v. Bradner, 114 U. S. 555, 5 Sup. Ct. 1038, 29 L. Ed. 249; Noble v. Hammond, 129 U. S. 65, 9 Sup. Ct. 235, 32 L. Ed. 623; In re Blumberg (D. C.) 94 Fed. 479.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.