HAMLIN v. J. M. RADFORD GROCERY CO.
(No. 8288.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 11, 1915. Rehearing Denied Jan. 15, 1916.)

1. BANKRUPTCY ☞407—DISCHARGE—"FALSE" STATEMENT.

A "false" statement in obtaining credit, which under Bankr. Act July 1, 1898, c. 541, § 14b (3), 30 Stat. 550, as amended by Act June 25, 1910, c. 412, § 6, 36 Stat. 839 (U. S. Comp. St. 1913, § 9598), will prevent discharge of bankrupt, must not only have been untrue, but knowingly made.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 729–731, 737, 738, 740–751, 758, 760, 761; Dec. Dig. ☞407.

For other definitions, see Words and Phrases, First and Second Series, False.]

2. APPEAL AND ERROR ☞1008 — REVIEW — FINDINGS.

Findings not being attacked, the evidence will not be looked to on appeal, to give them other than their apparent meaning.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3955–3960, 3962–3969; Dec. Dig. ☞1008.]

Appeal from District Court, Taylor County; Thos. L. Blanton, Judge.

Action by the J. M. Radford Grocery Company against M. H. Hamlin. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Critz & Woodward, of Coleman, for appellant. R. W. Haynie, of Abilene, for appellee.

DUNKLIN, J. M. H. Hamlin secured his final discharge in bankruptcy in the federal court. One of the claims scheduled in those proceedings was in favor of J. M. Radford Grocery Company, who, after receiving a dividend thereon and after such discharge, instituted this suit against Hamlin to recover the balance due, and from a judgment in favor of the plaintiff, the defendant has appealed.

The account for the goods sold was closed by the defendant executing to the plaintiff his promissory note providing for interest and attorney's fees in the usual form, and the present suit was instituted upon that note. Replying to the defendant's plea of his discharge in bankruptcy, plaintiff, after alleging that the note was given for merchandise purchased, further alleged that the defendant in order to obtain said goods falsely and knowingly misrepresented his assets, the material misrepresentation shown by the evidence being the statement that he owned, among other assets, a tract of land worth $4,000. The case was tried by the court without the aid of a jury, and the judge filed findings of fact and conclusions of law which appear in the record. The court found that, in order to induce plaintiff to sell him the goods, defendant through C. B. Lovelace, his authorized representative, made a statement in writing, which was afterwards signed by the defendant, in which a tract of land worth $4,000 was listed as one of defendant's assets,

which representation was false; defendant as a matter of fact not owning such land at said time and has not since owned the same. The court further found that such misrepresentation was material, and that the plaintiff was induced thereby to sell the goods to the defendant. The court also found that, at the time the defendant signed said written statement containing said misrepresentation, he did not know what said written statement contained, but signed it relying upon his bookkeeper to give a true and correct statement of his business affairs. Two of the findings of fact by the trial judge are as follows:

"At the request of the defendant, the court finds that the clause in the written instrument, which formed the basis for credit, signed by defendant, to wit: 'The above statement is made to J. M. Radford Grocery Company as a basis of credit now or hereafter extended to me by said company, and all goods furnished me and all credit extended to me by said company, are to be furnished and extended upon the faith of said statement and the accuracy and correctness of each representation made therein, each of said representations being material, and upon this agreement, and this statement and agreement shall stand good as to all future credit extended to me by said company unless and until I have notified said company of any change in my financial condition above stated.'

"That the defendant did not know at the time he signed said statement, that such clause was a part of same, but in this connection the court finds that the defendant had theretofore been in business for a number of years, and that he knew that it was the custom of all wholesale merchants and jobbers to require similar statements as a basis of credit from all of their customers, and that he had been in the habit of giving such written and printed statements as to his financial standing and with such clause as that contained, to his creditors, in order to obtain credit."

The correctness of the court's findings of fact is not challenged, and the controlling question upon this appeal is whether or not, under the findings related, the plaintiff's claim against Hamlin was discharged in bankruptcy.

[1] Appellant contends that in order to defeat the discharge pleaded, it would be necessary to show that the misrepresentation found was knowingly and fraudulently made; while appellee insists that if appellant obtained the goods under false representations, that fact was sufficient to avoid the discharge, even though the misrepresentation was innocently made. By section 14b (3) of the Bankrupt Act, it is provided that a bankrupt shall not be discharged if he has—

"obtained money or property on credit upon a materially false statement in writing, made by him to any person or his representative for the purpose of obtaining credit from such person." 32 Stat. 797, amended 1910 by 36 Stat. 839.

See, also, 1 Fed. Stat. Anno. Sup. 1912, p. 560.

The following quotation from 3 Ruling Case Law, § 133, is a correct statement of the interpretation of what is meant by "false statement," as used in the article of the statute quoted according to what appears to be an unbroken line of decisions:

"The word 'false' as here employed is not merely equivalent to 'untrue' or 'incorrect,' but it connotes a guilty scienter on the part of the bankrupt, and requires that the written statement made for the purpose of obtaining credit shall be knowingly and intentionally untrue in order to constitute a bar to the bankrupt's discharge. In the application of that principle a discharge has been granted to a bankrupt, notwithstanding he had obtained money on the ground of an incorrect statement of his bookkeeper, where the bankrupt did not actually know what the statement contained, or did not know that it was materially false, and did not have a conscious intention to deceive the creditor."

See, also, Cooper Grocery Co. v. Gaddy, 141 S. W. 825; Hardie v. Swafford Bros. D. Gds. Co., 165 Fed. 588, 91 C. C. A. 426, 20 L. R. A. (N. S.) 785; Gilpin v. Merchants' Nat. Bank, 165 Fed. 607, 91 C. C. A. 445, 20 L. R. A. (N. S.) 1023; also other decisions cited 1 Fed. Anno. Sup. 1912, p. 562. Also see Neal v. Clark, 95 U. S. 704, 24 L. Ed. 586; Strang v. Bradner, 114 U. S. 555, 5 Sup. Ct. 1038, 29 L. Ed. 248; Noble v. Hammond, 129 U. S. 65, 9 Sup. Ct. 235, 32 L. Ed. 621. In Gilpin v. Merchants' National Bank, supra, the following occurs:

"In other words, 'false statement' connotes a guilty scienter on the part of the bankrupt. This primary and ordinary meaning of the word 'false' cannot be ignored. It is the primary meaning given in the ordinary lexicons of the English language. Webster gives as its primary meaning: 'Uttering falsehood; unveracious; given to deceit; dishonest.' As an adjective, it is correlative with the noun 'falsehood.' To charge a person with making a false statement is equivalent to charging him with uttering a falsehood, and imputes moral delinquency to the person so charged. It is true that the word may have a secondary meaning in certain collocations, and be merely equivalent to 'untrue' or 'incorrect.' But this is not the ordinary or usual signification attached to the word. To charge a person with making false entries in books of account means something more than that incorrect or untrue entries have been made, and it has been so held by the courts in the consideration of offenses of that character. The last edition of Bouvier's Law Dictionary says of the word 'false' that, when 'applied to the intentional act of a responsible being, it implies a purpose to deceive.' In Black's Law Dictionary, under the title 'False,' it is said: 'In law, this word means something more than untrue; it means something designedly untrue and deceitful, and implies an intention to perpetrate some treachery or fraud.'. In a recent and well-accepted publication called 'Words and Phrases,' the word 'false' is thus defined: 'False means that which is not true, coupled with a lying intent.' Wood v. State, 48 Ga. 192, 297, 15 Am. Rep. 664. 'False' in jurisprudence usually imports something more than the vernacular sense of 'erroneous' or 'untrue.' "

It will be noted from the court's findings in the present suit that appellee not only failed to sustain its allegation that the misrepresentation upon which the goods were obtained was knowingly made, but the court has found the negative of that allegation.

[2] Appellee insists, further, in effect, that from the findings of fact by the trial judge, considered in connection with the evidence, it appears that although appellant did not ac-tually know of the falsity of the statement in question, he had the opportunity of informing himself, and his act in making it was so reckless as to make the misrepresentation fraudulent and thus to deprive him of the right to claim the discharge. As noted already, no attack was made upon the findings of fact, which do not show any fraudulent intent in making the untrue statement, even though it should be said that such findings show the same to have been made without proper care and caution, and, under the circumstances, the evidence cannot be looked to to give a different meaning to those findings.

Under the authorities cited, we must hold that the court erred in its judgment, and in not rendering judgment in favor of the appellant. Accordingly, the judgment of the trial court is reversed, and judgment is here rendered in favor of appellant.