THE FLORIDA CENTRAL & PENINSULAR RAILROAD COMPANY, A CORPORATION UNDER THE LAWS OF FLORIDA, PLAINTIFF IN ERROR, VS. BENJAMIN H. SEYMOUR, DEFENDANT IN ERROR.

1. The Circuit Court has jurisdiction of an action wherein plaintiff in good faith claims to recover a sum exceeding $100, even though it should be decided during the progress of the suit that plaintiff's recovery must be less than $100. Where, therefore, the plaintiff by his declaration in a particular case sought in good faith to recover damages for the negligent killing of stock alleged to be of the value of $100, and a reasonable attorney fee for collecting said sum claimed by him and held by the trial court to be authorized by a statute of the State, that court had jurisdiction of the cause even though the appellate court upon writ of error from the judgment should hold that attorney's fees were improperly allowed to be recovered in the suit.

2. In actions to recover for stock killed by the negligence of railway companies, attorneys' fees cannot be recovered by the plaintiff unless authorized by statute.

3. Section 6 of Chapter 4069, acts of 1891, does not authorize recovery of attorneys' fees in actions against railroad companies for the negligent killing of stock, nor for stock killed by railroads after the companies have fenced their tracks and are maintaining them as required by that act, but authorizes such recovery in actions for stock killed during the time the companies are complying with the provisions of the act requiring them to fence a certain specified portion of their roads each month after the passage of the act.

4. Where abstracts of the record do not purport to set forth the particular acts of negligence charged in the declaration in an action to recover damages for negligently killing stock, an appellate court can not declare error in a ruling admitting evidence as to unlawful rate of speed as against the objection that the declaration does not allege an unlawful rate of speed as a ground of recovery.

5. Municipal ordinances may, independent of statute, be proved by copies thereof duly certified by the city clerk.

6. A copy of a written notice to the stock claim agent of a railway company, of the killing of stock, and demanding payment of a sum claimed to be its value, is properly admitted in evidence over the objection that the original is the best evidence.

7. Under section 1088 Revised Statutes, a Circuit Judge may upon the conclusion of the argument in a civil cause after all the evidence has been submitted, if it be apparent to him that no evidence has been submitted upon which the jury can lawfully find a verdict for one party, direct the jury to find a verdict for the opposite party, but until all the conditions of the statute are met the judge can not be held in error for refusing a request to direct a verdict. Where, therefore, the request is made

after all the evidence was in, but before the argument of counsel the judge is justified in refusing it.

8. The propriety of the giving or refusal of a request to charge the jury to find for a party under section 1088 Revised Statutes, involves a consideration of all the evidence introduced upon the trial, and in order to have the question reviewed by the Supreme Court the substance of all the evidence introduced by both parties must be set out in the bill of exceptions and abstracts of the record in connection with the request to charge as required by the provisions of special rule No. 3 in respect to instructions given or refused.

9. Where assignments of error are predicated upon the giving or refusal of instructions requiring statements of the substance of the testimony upon which they were based in order to determine their propriety, such statements must be set forth in the bill of exceptions and abstracts in connection with the instructions or the Supreme Court can not under its rules consider them.

10. Where proper assignments of error raise the question of the sufficiency of the evidence to support the verdict they can not be considered unless all the evidence is presented by an evidentiary bill of exceptions properly made up, and abstracted if the cause is to be determined upon abstracts of the record.

Writ of error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*L. N. Green and John A. Henderson,* for Plaintiff in Error.

*W. K. Zewadski,* for Defendant in Error.

Per Curiam.

This cause was referred by the court to two of its commissioners, Mess. Maxwell and Glen, who report that the judgment ought to be reversed unless a remittitur is entered for the sum of $25.00.

Defendant in error sued plaintiff in error in the Circuit Court of Marion county, obtained a verdict for $75.00 damage and $25.00 attorneys' fees, upon which judgment was duly entered, from which this writ of error was taken.

The first error assigned questions the propriety of the ruling upon a demurrer to the declaration. The abstract, which was not excepted to, states that "the declaration in this cause was in damages for the negligent killing by plaintiff in error, of a cow belonging to defendant in error of the value of $100; that written demand had been made on J. H. Congleton, the stock claim agent of the said corporation, for the value of said cow at $100, which amount has never been paid, together with a prayer for reasonable attorney fees incurred in collecting same by suit, to the plaintiff's damage $350." The only contention made here in support of this assignment is that the declaration shows that the court had no jurisdiction over the subject-matter of the action, for the reason that the plaintiff's demand does no exceed $100. The declaration does not claim double damages on account of the failure of the defendant to fence its tracks as required by statute, but simply the value of the cow by reason of the alleged negligent killing and attorney's fees. This value is alleged in the declaration to be $100, and reasonable attorneys' fees were also claimed. The two items mentioned exceed in

value $100, and this would bring the case within the jurisdiction of the Circuit Court. While this court does not sustain the claim for attorneys' fees, it is evident that this item was claimed in good faith, and the Circuit Court was of opinion that it ought to be allowed. The fact that this court does not concur in that opinion does not affect the question of the Circuit Court's jurisdiction of the case, for the question of jurisdiction is not to be determined by the sum recovered, but by the amount of the demand involved. The plaintiff had a right to have his claim for attorneys' fees made in good faith adjudicated, and as he claimed $100 as the value of the cow, a justice of the peace could not entertain or decide his right to recover that sum and reasonable attorneys' fees, because the amount would exceed $100, the limit of the justice's jurisdiction. The action was, therefore, properly within the jurisdiction of the Circuit Court.

The twelfth assignment is based upon the ruling denying defendant's motion in arrest. This motion was based on the ground that upon the face of the declaration the Circuit Court had no jurisdiction because the amount involved did not exceed $100, and upon the further ground that it appeared from the evidence that the court had not jurisdiction because the amount involved did not exceed $100. What has been said as to the first assignment is applicable here, and it is only necessary to add that according to the evidence the cow was killed March 20, 1896, was proven to be worth $100, and the value of the attorneys' fees claimed was $50. The trial was had in the latter part of 1896. The jury evidently found

36 S. C.

that plaintiff's negligence contributed to the injury to his property and diminished the damages to be recovered, in accordance with an instruction given them by the court on that subject.

The second assignment is based upon the action of the court in admitting evidence as to the amount of a reasonable attorney fee to be allowed plaintiff. In this the court below was in error. The cause of action alleged was a negligent killing. The declaration did not allege, nor did the proof show, whether the defendant had or had not complied with the provisions of Chapter 4069, acts of 1891, entitled "an act requiring railroad companies to fence their tracks, and providing remedies against them for failure to do so." This act requires railroad companies and persons operating railways to fence their tracks in the manner therein pointed out, and on their failure to do so, or to maintain them after being constructed, authorizes recovery of double damages and attorneys' fees against them by the owners of live stock horses and cattle killed by railway engines or cars. They are required to fence at least one twenty-second part of their entire lines of road each and every month after sixty days from the passage of the act. Section 6 provides that "where any railroad company, person or persons owning or operating the same are complying with the provisions of this act shall only be liable for actual value of all stock or cattle or horses that may be killed or injured by the operations of its engines or cars. including all costs. expenses and reasonable attorney's fees. which sums shall be a lien and collectable as provided in this act." It is claimed by defendant in error that this section authorized the recovery in this case, but we do not so construe it. Under the legislation in

force when this act was passed all railroad companies were required to fence their tracks and to maintain such fences, and in default thereof were required to pay damages for live stock killed or injured by engines or cars, and in case of failure to pay upon notice, to pay in addition 50 per cent interest and attorneys' fees. At the time Chapter 4069 was passed every railroad that had not fenced its tracks in accordance with the legislation referred to was liable for damages, interest and attorneys' fees provided for stock killed, but as Chapter 4069 gave them a new right to fence in accordance with its term, section 6 of that act was designed to relieve them from the payment of the 50 per cent. interest provided by the former act for stock killed while they were constructing their fences under the provisions of Chapter 4069, and thus to mitigate the penalties to which they were liable for failure to perform the duties imposed by the former acts. A consideration of the scope and purpose of this latter act in connection with former legislation, and the status of railroad companies that had not complied with the former legislation, renders it certain that section 6 of Chapter 4069 was not designed to apply in cases where the railroad companies had fenced and were maintaining such fences under the latter act, but only while they were complying with the provisions of the act requiring them to fence a certain specified portion of their roads each month after the passage of the act. There being nothing in the declaration or proof tending to show that the defendant had not constructed fences, or that it was then constructing them in compliance with the provisions of the act, there was no ground shown for the recovery of attorneys' fees under the act referred to. As no attorneys' fees can be

recovered in action for negligently killing stock in the absence of statute, and as the statute referred to was not shown to be applicable to this case, the court erred in admitting evidence of a reasonable attorney fee to be recovered by the plaintiff.

The third assignment of error is based upon an alleged motion to strike certain testimony. No such motion appears from the abstract to have been made or ruled upon.

The fourth assignment of error is based upon the ruling admitting in evidence over objection a copy of an ordinance of the city of Ocala, certified by the city clerk. The cow was killed within the limits of that city, and the ordinance prohibited the running of locomotives or trains of cars within the city limits at a greater rate of speed than four miles per hour. Only two of the objections made to the introduction of this document are here urged. They are, first, because the paper offered was not the best evidence; secondly, because not relevant to the issues. The argument under these objections is that the ordinance could be provided only by production of the original, or the book in which it was registered, and that there was no allegation in the declaration that the accident was caused by running the train at a rate of speed prohibited by city ordinance. As to the latter branch of the argument it is sufficient to say that it does not appear from the abstract that the declaration did not set forth the city ordinance and allege that the negligence consisted in running the train at a rate of speed prohibited thereby. As to the first branch of the argument, the court is of opinion that the ordinances of municipal corporations are public records (Rev. Stats. Sec. 674; Thompson on Corporations, Sec. 7734; St. Louis Gas

Light Co. v. City of St. Louis, 86 Mo. 495; Johnson v
Wakulla County, 28 Fla. 720, 9 South. Rep. 690), and
fall within the principle of the rule announced by this
court in Doe ex dem. Magruder v. Roe, 13 Fla. 602; Sim-
mons v. Spratt, 20 Fla. 495, and Bell v. Hendrick, 25
Fla. 778, 6 South. Rep. 868, to the effect that public rec-
ords may independent of statute be proven by copies
thereof, certified by the officer having such records in
charge.    Commonwealth v. Chase, 6 Cush, 248; Green-
leaf's Evidence, Secs. 483, 484, 485; 1 Dillon on Munic-
ipal Corporations, Sec. 304.   The court was not, there-
fore, in error in admitting the certified copy of the ordi-
nance in evidence.

The fifth assignment of error complains that the court
admitted in evidence a copy of a written notice to the de
fendant's stock claim agent of the killing of the plain-
tiff's cow demanding $100 as her value.   The action be-
ing based upon the defendant's common law liability for
a negligent killing, and not upon the liability imposed
by the fence statutes, this evidence was irrelevant, but
it was not objected to on that ground.   The   objection
made was that the original was the best evidence. This
objection was untenable.   Pensacola & Atlantic R. R.
Co. v. Braxton, 34 Fla. 471, 16 South. Rep. 317.

The sixth assignment of error is based upon the denial
of a motion made by defendant at the conclusion of the
evidence and before argument to direct the jury to render
a verdict in favor of defendant. This motion was renewed
at the conclusion of the argument of counsel and denied,
and this ruling is assigned as the seventh error   The
grounds of this motion questioned the legal sufficiency of
the evidence to support a verdict for plaintiff. Section
1088 Revised Statutes requires trial judges to charge the

jury only upon the law of the case, but provides that if upon the conclusion of the argument in civil cases, after all the evidence shall have been submitted, it be apparent to the judge of the Circuit or County Court that no evidence has been submitted upon which the jury could lawfully find a verdict for one party, he may direct the jury to find a verdict for the opposite party. The statute authorizes the judge to direct a verdict after all the evidence shall have been submitted and after the argument of counsel has been submitted, and he can not be held in error for refusing to direct a verdict upon motion made prior to the argument of counsel. A motion made previous to that time is premature. Baker v. Chatfield, 23 Fla. 540, 2 South. Rep. 822. The motion was in this case renewed, however, after the argument of counsel, and was in effect a request to charge the jury to find a verdict for defendant. As the propriety of a refusal to so charge, whether presented by motion, or by a written request to charge, involves a consideration of all the evidence introduced, the substances of all the evidence introduced by both parties should be set out in the bill of exceptions in connection with the motion or request, as required, by the provisions of special rule No. 3, in respect to instructions given or refused. The motion as set out in the abstract in this case is not accompanied by a statement of the evidence as required by the rule, and, therefore, this court can not determine the propriety of the ruling refusing it.

The eight and ninth assignments of error are predicated upon the action of the court in giving and refusing certain charges. These instructions though set forth in the abstract are not accompanied by a statement of the substance of the testimony upon which they were based,

and can not for that reason be considered by this court. Burt v. Florida Southern Ry. Co. 43 Fla. 339, 31 South. Rep. 265.

The only questions sought to be raised under the remaining assignments of error relate to the sufficiency of the evidence to support the verdict. These questions can only be considered when all the evidence is presented by an evidentiary bill properly made up, and abstracted, where the case is determined upon abstracts as is the case here. As before stated, the abstract does not purport to contain the substance of an evidentiary bill, but only of the ordinary bill, and, therefore, these assignments can not be considered.

It only remains to determine the character of the judgment to be entered. We have determined that the court was in error only in allowing the recovery of attorneys' fees. These fees are fixed by the verdict and the judgment at twenty-five dollars. The judgment to that extent is erroneous. Following the rule announced in Florida Ry. & Nav. Co. v. Webster, 25 Fla. 394, 5 South. Rep. 714; Arnau v. First Nat. Bank, 36 Fla. 395, 18 South. Rep. 790, and Turner v. Adams, 39 Fla. 86, 21 South. Rep. 575, we will give the defendant in error the option to retain his judgment if he will enter in the Circuit Court a remittitur of twenty-five dollars as of the date of the judgment. The order will be that the judgment of the Circuit Court stand as of the date it was rendered if the defendant in error enter the remittitur indicated, but failing to do this within thirty days after the mandate of this court is received by the clerk of the Circuit Court, the judgment is reversed and a new trial granted. Defendant in error must pay the costs of this court.