THE PHENIX INSURANCE COMPANY v. JOHN STAHL.

No. 15,637. (96 Pac. 854.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Amount in Controversy*—*"Exclusive of Costs"*—*Attorney's Fee.* The words "exclusive of costs," as used in subdivision 3 of section 542 of the civil code, mean such costs as are provided for by statute and may be computed and taxed by the clerk of the court, and do not include any allowance as an attorney's fee to the prevailing party, the amount of which can not be computed and determined under statutory provisions but must be determined judically by the court.

Error from Brown district court; WILLIAM I. STUART, judge. Opinion filed July 3, 1908. Reversed.

*Reed, Yates & Mastin,* and *F. M. Pearl,* for plaintiff in error.

*James Falloon,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: Defendant in error recovered a judgment against the plaintiff in error in the district court of Brown county upon a policy of fire-insurance. The company prosecuted proceedings in error to this court, and the judgment was reversed and the cause remanded for a new trial. (*Insurance Co. v. Stahl,* 72 Kan. 578, 83 Pac. 614.) Thereupon the parties entered into a stipulation, as follows:

"It is hereby stipulated and agreed by and between the plaintiff and the defendant that this case is settled by the defendant paying to the plaintiff, on or before the first day of May, 1907, term of the district court, the sum of one hundred dollars ($100), plaintiff to have judgment against the defendant for all costs in the district court."

This stipulation was signed by the attorneys for both parties and filed with the clerk of the court. The company paid Stahl the $100, as stipulated, and also paid all the costs in the court up to the convening of the term at which the motion for an allowance for attorney's fees was made. Upon the assembling of court Stahl filed a motion for an allowance of a reasonable attorney's fee, and upon the hearing of the motion the court rendered judgment in favor of Stahl against the insurance company for $150, and ordered that the same be taxed as costs in the case. The insurance company excepted and brings the case here to reverse the judgment.

The defendant in error filed a motion in this court to dismiss the case on the ground that, under the provisions of subdivision 3 of section 542 of the civil code, the amount in controversy, exclusive of costs, does not exceed the sum of $100; in fact, he contends that no amount whatever is involved, except costs. This leads

34—78 KAN.

us to determine the meaning of the words "exclusive of costs," as used in the statute referred to. We think, as there used, the words relate only to such costs as are provided for by statute and may be computed and taxed by the clerk of the court, without any action of the court, except, it may be, to review the action of the clerk on motion. The words do not include an allowance as an attorney's fee to the prevailing party, the amount of which can not be computed under the statutory provisions but must be determined judicially by the court. The motion to dismiss is therefore denied.

We next consider the merits of the case. The only authority for the judgment is section 3410 of the General Statutes of 1901, which reads:

"The court in rendering judgment against any insurance company on any such policy of insurance shall allow the plaintiff a reasonable sum as an attorney's fee, to be recovered as a part of the costs."

The only judgment which the district court had rendered in favor of Stahl against the insurance company upon the policy of insurance had been reversed by this court, and the case had been remanded for a new trial. It is not reasonable to suppose that the legislature intended to provide that an insurance company should be required to pay an attorney's fee in favor of a plaintiff for procuring an invalid or illegal judgment against it. In fact, at the time the allowance of $150 as an attorney's fee was made by the court there existed no judgment in favor of Stahl against the company. Nor had any valid judgment against the insurance company in favor of Stahl been discharged, but, after the reversal of the former judgment, a full and complete settlement had been made between the parties, without submitting the matter to the judgment of the court. We conclude that section 3410 does not authorize the allowance of an attorney's fee in this case.

The judgment of the district court is reversed, and the cause remanded.