State ex rel. Royal Ins. Co. v. Barrs et al.—Syllabus.

THE STATE OF FLORIDA *ex rel.* ROYAL INSURANCE COMPANY, LIMITED, A CORPORATION, *Relator,* v. BURTON BARRS, JUDGE OF THE CIVIL COURT OF RECORD IN AND FOR DUVAL COUNTY, FLORIDA; AND WILSON & TOOMER FERTILIZER COMPANY, A CORPORATION, *Respondent.*

Opinion Filed February 21, 1924.

This case was decided by Division B.

1. There is no general or controlling provision or principle of law to the effect that attorney fees that may by statute be recovered by the winning party against the losing party in a suit or action, are, or should be regarded as, costs in the case.

2. Attorney fees are recoverable only when provided for by law or by contract and the amount is determined by contract or by judicial ascertainment, while the fees of officers that are recoverable as costs in a case are fixed by law. When such attorney fees are recoverable by law or by contract, they are properly costs in a case only when made so by statute.

3. When a statute may and does limit the jurisdiction of a court to a stated amount "exclusive of costs," the costs referred to are those items that are by statute denominated costs or that are allowed by statute to be recovered as costs.

4. In this State the statutes specify the charges and fees that officers, not including attorneys, of a court may collect as costs in a case; and such legal costs and charges constitute the limit of recoveries as costs unless a statute specifically makes attorney fees or other matters recoverable as costs.

5. The costs that are properly recovered as such in the judgment as an incident to the main adjudication, are ordinarily not required to be specifically claimed in the pleadings.

6. Where the statute limits the jurisdictional value of matters that may be litigated in a civil court of record to a stated

sum "exclusive of interest and costs," the costs referred to are those fees and charges that are ordinarily allowed in such actions and such other items as are legally and specifically made by statute a part of the costs that may be recovered as such in a case.

7. The civil courts of record are statutory courts and the provision of the statute limiting the jurisdiction of the court to matters that do "not exceed, exclusive of interest and costs, the sum or value of three hundred dollars," the "costs" referred to are those items that are by statute denominated costs or that are allowed by statute to be recovered as costs, and do not include attorney fees unless such fees are by a statute denominated costs or are by statute allowed to be recovered as costs in the case. Section 4263, Revised General Statutes of 1920, does not make attorney fees recoverable as costs.

A case of original jurisdiction.

Motion to quash denied.

*Kay, Adams* and *Ragland,* for Relator;

*Milam & Milam,* for Respondent.

WHITFIELD, P. J.—In an action brought in the Civil Court of Record for Duval County upon an insurance policy, the plaintiff claiming "the principal of said policy, interest at legal rate and a reasonable attorney's fee," the following verdict was rendered: "We, the jury, find for the plaintiff and assess its damages at $3000.00 principal, $592.66 interest, and $538.90 attorneys' fees, total $4131.56."

A rule was issued from this court requiring the judge of the trial court and the plaintiff below to show cause why a writ of prohibition should not be issued command-

ing the judge not to award judgment in favor of the plaintiff, upon the showing that the verdict is in excess of the jurisdictional amount of the court. Sec. 3586, Rev. Gen. Stats. 1920. The judge answered "that the court considered and treated the attorney's fees claimed and adjudged in this cause as part of the costs and as not affecting the jurisdiction of the court, and prays that the rule *nisi* heretofore issued be quashed." The plaintiff below moved to quash the rule because "the attorney's fees adjudged in the cause were properly a part of the costs and did not affect the jurisdiction of the court." The relator moves for a writ of prohibition because no cause is shown for not issuing the writ.

The civil court of record is a statutory court whose jurisdiction as to the amount involved is defined by statute as follows: "The Civil Court of Record for each county, respectively, shall have exclusive original jurisdiction in all cases at law, including proceedings in attachment and garnishment, where the matter in controversy does not exceed, exclusive of interest and costs, the sum or value of three thousand dollars. Chap. 8521, Acts of 1921. See prior Act, Sec. 3310, Rev. Gen. Stats. 1920.

There is no general or controlling provision or principle of law to the effect that attorney fees that may by statute be recovered by the winning party against the losing party in a suit or action, are, or should be regarded as, costs in the case.

Such attorney fees are recoverable only when provided for by law or by contract and the amount is determined by contract or by judicial ascertainment, while the fees of officers that are recoverable as costs in a case are fixed by law. When such attorney fees are recoverable by law or by contract, they are properly costs in a case only when made so by statute. See Zinn v. Dzialynski, 14 Fla. 187.

When a statute may and does limit the jurisdiction of a court to a stated amount "exclusive of costs," the costs referred to are those items that are by statute denominated costs or that are allowed by statute to be recovered as costs.

In this State the statutes specify the charges and fees that officers, not including attorneys, of a court may collect as cÖsts in a case; and such legal costs and charges constitute the limit of recoveries as costs unless a statute specifically makes attorney fees or other matters recoverable as costs. See Secs. 2951, 3084, 2952, 2891, Rev. Gen. Stats. 1920; 15 C. J. 21, 108, 114; 7 R. C. L. 781, 792; 11 Cyc. 24, 100, 104.

The statutes provide that "in all cases the party recovering the judgment shall recover also all his legal costs and charges, which shall be included in the judgment;" "and no fees shall be charged in any case, or for any official service performed or claimed to be performed by any officer within the State, unless said fees be expressly authorized and their amount be specified by law." Secs. 2951, 2952, Rev. Gen. Stats. 1920.

In Section 4263, Revised General Statutes, 1920, it is provided that when judgment is rendered in favor of the beneficiary in an insurance policy "a reasonable sum as fees or compensation for his, her or their attorneys or solicitors prosecuting the suit in which the recovery is had. That amount to be recovered for fees and compensation for attorneys and solicitors  *  shall be ascertained and, fixed by the court in chancery cases or a jury in common law actions, from testimony adduced for that purpose, and shall be included in the judgment or decree rendered in such cases." This statute does not make the "fees or compensation" allowed for plaintiff's attorney, a part of the plaintiff's "legal costs and charges" that are referred to

in Section 2951 and does not authorize such attorney fees to be recovered as costs in the case.

The costs that are properly recovered as such in the judgment as an incident to the main adjudication, are ordinarily not required to be specifically claimed in the pleadings.

In United States Fire Ins. Co. v. Dickerson, 82 Fla. 442, 90 South. Rep. 613, it was held that "attorney's fees provided for by statute (Sec. 4263, Rev. Gen. Stats. 1920) to be paid by insurance companies, corporations or associations which unsuccessfully defend actions upon policies of insurance issued by them, should be demanded in the declaration, as if the action sought to enforce a penalty," and that the attorney's fees provided for by our statute is in the nature of a "penalty" and that "our statute provides for the penalty to be paid by the insurance company which unsuccessfully defends an action upon a policy of insurance issued by it." The holding that the attorney fees allowed by the statute here considered is "in the nature of a penalty" and that, it "should be demanded in the declaration," is in effect a holding that the attorney fees allowed *by this statute* are not intended to be a part of the costs in the case and are not to be recovered as costs; but, as the statute expressly provides, such attorney fees "shall be included in the judgment or decree rendered in such cases," doubtless as an independent statutory obligation to be "ascertained and fixed by the court or jury" after being specifically "demanded in the declaration" as was done in this case.

The statute in this case does not make the allowable attorney fees a part of the costs in the case, but deals with them as a separate matter of recovery, therefore the recoverable attorney fees here can not be regarded as costs, in determining the jurisdiction of the court. National Life

Ins. Co. of U. S. A. v. Mouton, (Tex. Civ. App.) 242 S. W. Rep. 782; Houston Packing Co. v. McDonald, (Tex. Civ. App.) 175 S. W. Rep. 806; St. Louis B. & M. Ry. Co. v. Knowles, (Tex. Civ. App.) 171 S. W. Rep. 245; Clark v. Ford, 7 Kan. App. 332, 51 Pac. Rep. 938; Kansas Pacific Ry. Co. v. Mower, 16 Kan. 573, text 582; St. Louis, B. & M. Ry. Co. v. Knowles, (Tex. Civ. App.) 180 S. W. Rep. 1146; Phenix Ins. Co. v. Stahl, 78 Kan. 528, 96 Pac. Rep. 854; Gulf & I. Ry. Co. v. Gregory, (Tex. Civ. App.) 59 S. W. Rep. 310; 7 R. C. L. 1054. The allowance of attorney fees as costs must be specific. See McCarthy v. Havis, 23 Fla. 508, 2 South. Rep. 819; City of St. Louis v. Meintz, 107 Mo. 611, 18 S. W. Rep. 30. Where a statute allows attorney fees as costs, the allowance is confined to cases covered by the statute. See 15 C. J. 114; Florida Cent. & P. R. Co. v. Seymour, 44 Fla. 557, 33 South. Rep. 424; Atlantic Coast Line Ry. Co. v. Riverside Mills, 219 U. S. 186, 55 L. Ed. 167, 31 Sup. Ct. Rep. 164, 31 L. R. A. (N. S.) 7. See also Springstead v. Crawfordville State Bank, 231 U. S. 541, 34 Sup. Ct. Rep. 195; Parks v. Granger, 96 Miss. 503, 51 South. Rep. 716, Ann. Cas. 1912B 232, 27 L. R. A. (N. S.) 157; Humphrey v. Coquillard Wagon Works, 37 Okla. 714, 132 Pac. Rep. 899, 49 L. R. A. (N. S.) 600; Howard v. Carroll, 195 Fed. Rep. 646; Cooper Grocery Co. v. Gaddy, (Tex. Civ. App.) 141 S. W. Rep. 825; Almand v. Almand, 95 Ga. 204, 22 S. E. Rep. 213; Rogers v. Riley, 80 Fed. Rep. 759.

The holding in Nye-Schneider-Fowler Co. v. Chicago & N. W. R. Co., 105 Nev. 151, 179 N. W. Rep. 503, that the attorney fees allowed by the statute considered in that case, could be taxed as costs, was not approved in Chicago & N. W. Ry. Co. v. Nye-Schneider-Fowler Co., 260 U. S. 35, 43 Sup. Ct. Rep. 55. In Missouri, K. & T. R. Co. of Texas v. Cade, 233 U. S. 642, text 651, 34 Sup. Ct. Rep. 678, the

attorney fees allowed are referred to as "compensatory damages upon a defendant who, in the judgment of the legislature, unreasonably delays and resists payment of a just demand."

The holdings in Marsh v. Chicago & N. W. Ry. Co., 103 Neb. 654, 173 N. W. Rep. 679, and in Peters v. Queen Ins. Co. of America, 182 Fed. Rep. 113, are not in accord with the decisions in this State.

In limiting the jurisdictional value of matters that may be litigated in a civil court of record as to a stated sum "exclusive of interest and costs," the costs referred to are those fees and charges that are ordinarily allowed in such actions and such other items as are legally and specifically allowed in such actions and such other items as are legally and specifically made by statute a part of the costs that may be recovered in such case.

As the statute here considered does not make attorney fees a part of the costs in a case to which the statute applies, and does not authorize attorney fees to be recovered as a part of the costs in the case, as in Hines v. Taylor, 79 Fla. 218, 84 South. Rep. 381; Louisville & N. R. Co. v. Sutton, 54 Fla. 247, 44 South. Rep. 946; Seaboard Air Line Ry. v. Maxey, 64 Fla. 487, 60 South. Rep. 353; Atlantic Coast Line R. Co. v. Riverside Mills, 219 U. S. 186, 31 Sup. Ct. Rep. 164, 31 L. R. A. (N. S.) 7; Eagle Gold Mine Co. v. Dryarly, 28 Colo. 262, 65 Pac. Rep. 52; Swofford v. Cornucopia Mines of Oregon, 140 Fed. Rep. 957, but treats them as a separate item of recovery, such attorney fees may not be regarded as costs to be included in determining the jurisdiction of the court. See 15 C. J. 767; Ring v. Merchants' Broom Co., 68 Fla. 515, 67 South. Rep. 132; Florida Cent. & P. R. Co. v. Seymour, 44 Fla. 557; 33 South. Rep. 424; Conner v. Connecticut Fire Ins. Co., 292 Fed. Rep. 767.

As the jurisdiction of the court is limited to matters of the sum of value of $3000.00 "excluding interest and costs," the court is without authority to enter a judgment on the verdict rendered except for the "$3000.00 principal, $592.66 interest" and the proper costs assessable in the case. The motion to quash the rule is denied.

A writ of prohibition will be issued upon application.

It is so ordered.

WEST AND TERRELL, J. J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.