No. 28,364.

D. M. Gants, as Administrator of the Estate of Matilda Ann Bracken, Deceased, *Appellee,* v. The National Fire Insurance Company et al., *Appellants.*

(273 Pac. 406.)

Opinion filed January 12, 1929.

*C. L. Kagey, R. H. Noah* and *L. M. Kagey,* all of Beloit, for the appellants.

*R. L. Hamilton,* of Beloit, and *R. M. Anderson,* of Lincoln, Neb., for the appellee.

The opinion of the court was delivered by

Hutchison, J.: The main question involved in this appeal is whether there was error in rendering judgment against the defendant insurance companies for an attorney fee of $250 for the attorneys for plaintiff under section 40-908 of chapter 231 of the Laws of 1927, being the insurance act. There is also a preliminary question raised

as to whether there can be an appeal from the allowance of such attorney fee when the statute permitting it to be done states that it is to be recovered and collected as a part of the costs, and R. S. 60-3303 limits appeals to cases where the amount in controversy exclusive of costs shall exceed $100.

We will take up the jurisdictional question first. The appellee maintains the attorney fee allowed is properly a part of the costs and is therefore not subject to review by appeal. Of course, if it is a part of the costs, strictly speaking, it is not within our statute as an appealable order. The statute above mentioned, which authorizes the allowance of such fee, does not state it is or shall be costs, but that it is "to be recovered and collected as a part of the costs." Our own court has settled this question in an insurance case just like this one, defining the term "exclusive of costs." And in the subsequent revision of the section that term has remained unchanged, and the decision is applicable to appeals now as it was then.

"The words 'exclusive of costs,' as used in subdivision 3 of section 542 of the civil code, mean such costs as are provided for by statute and may be computed and taxed by the clerk of the court, and do not include any allowance as an attorney's fee to the prevailing party, the amount of which cannot be computed and determined under statutory provisions but must be determined judicially by the court." (*Insurance Co. v. Stahl,* 78 Kan. 528, syl., 96 Pac. 854.)

In the consideration of this question in 2 R. C. L. 30, attorney fees, when taxed as costs, were called extraordinary costs, and in a number of jurisdictions they are distinguished from the usual and ordinary costs as not being subject to the discretion of the court, and are therefore appealable matters. The allowance of such fees requires a judicial determination in two respects—first, whether the particular case under consideration is one in which it was contemplated such a fee should be allowed; and, second, the amount of the fee that would be reasonable under all the circumstances of the case. These determinations are purely and strictly judicial and subject to review for errors in the conclusions reached, and bear no relation to costs in the case except as the statute provides that they are to be recovered and collected as part of the costs.

This action was commenced in the district court of Mitchell county by the administrator of the estate of Matilda Ann Bracken, deceased, he being an administrator with the will annexed. The defendants · were two insurance companies who had issued fire

insurance policies on the house and household goods belonging to the deceased in her lifetime. Shortly after her decease the house and contents were destroyed by fire. The liability was admitted by the companies, and the total amount was found to be $1,506, which the companies expressed from time to time a willingness to pay. The administrator claimed the insurance as necessary to pay debts. The deceased left a husband, and the house and household goods were claimed by him to be exempt to him as a homestead and exempt personal property. The will also made him the beneficiary. He demanded of the defendant companies that the insurance money be paid directly to him. A number of letters were exchanged between the administrator and the companies and between the husband and the companies concerning the conflict of claims before this suit was commenced, the companies offering to pay the money to both parties or pay it into court. As soon as this action was commenced they obtained permission from the court to pay it into court, and did so. The issues joined were therefore mainly between the administrator and the husband. After hearing the testimony the court held in effect that the district court was without jurisdiction to try the main contention between the claimants because the evidence showed a similar controversy had been pending in the probate court, but held it had jurisdiction to instruct the clerk to dispose of the insurance money in his hands as the probate court might direct, and also that it had jurisdiction to determine the matter of attorney fee requested by attorneys for plaintiff, and did fix it at $250. From this the insurance companies appeal. A supplemental abstract shows that later the differences between the administrator and the husband of the deceased were settled in the probate court.

The only matter in this contention between these claimants which concerns us at this time is the right of the administrator to maintain this action if the property was a homestead and exempt. It was said in the case of *Continental Ins. Co. v. Daly, Adm'x*, 33 Kan. 601, 7 Pac. 158, that if the administrator could maintain such a suit for the proceeds of exempt property it would be as trustee. If he could maintain it in any capacity it will be sufficient for the purpose of this action, which now involves only the question of the allowance of an attorney fee for the attorneys of the administrator as plaintiff herein.

The section of the statute under which the fee was allowed is as follows:

"That in all actions now pending, or hereafter commenced, in which judgment is rendered against any insurance company on any policy given to insure any property in this state against loss by fire, tornado or lightning, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee to be recovered and collected as a part of the costs: *Provided, however,* That when a tender is made by such insurance company before the commencement of the action in which judgment is rendered and the amount recovered is not in excess of such tender no such costs shall be allowed." (Laws of 1927, ch. 231, § 40-908.)

We need not go very far in the construction of this statute to determine that it is only applicable to cases where judgment has been rendered against the insurance company. No judgment was rendered against the insurance companies in this case except for costs and this attorney fee. In the case of *Insurance Co. v. Corbett,* 69 Kan. 564, 77 Pac. 108, it was said in the opinion:

"Recovery is limited to a reimbursement of the successful party for the necessary expenses incurred in the prosecution of his claim." (p. 572.)

The plaintiff was the successful party in this only to the extent of having his own case dismissed at the cost of the defendants. The plaintiff accomplished nothing whatever by the suit in the district court except to have the insurance money paid into court, and this the evidence shows was offered by the companies long before the action was commenced. This statute is intended to penalize companies which are delinquent in making prompt payments on policies after loss has occurred. As was said in the opinion in *Assurance Co. v. Bradford,* 60 Kan. 82, 85:

"To the end that insurance companies may be compelled to respect the obligations voluntarily taken upon themselves to subserve the policies of the state in these respects, the legislature may rightfully impose upon them the repayment to insurers of attorneys' fees necessarily incurred in suits to make good their delinquencies."

It is not necessary for us at this time to consider the question of any offer or tender before this action was brought, nor what the result might have been if the case had gone on in the district court to a determination in favor of the plaintiff, but we are holding that no judgment was rendered against the insurance companies on the policies, as contemplated by the makers of the statute under which the fee is claimed.

The judgment is reversed and the cause is remanded with instructions to set aside the ruling and judgment as to the attorney fee.