No. 34,573

T. G. FRUSHER, R. B. FRUSHER and HELEN L. FRUSHER, *Appellees*, v. LESLIE COBB, *Defendant*, and THE A. A. DOERR MERCANTILE COMPANY, *Appellant*.

(103 P. 2d 808)

Opinion filed July 6, 1940. (For original opinion of dismissal see 151 Kan. 287, 98 P. 2d 89.)

*W. H. Vernon* and *Vincent G. Fleming*, both of Larned, for the appellant.
*O. A. Wilson*, of Jetmore, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: For the reasons stated in the original opinion (see *Frusher v. Cobb*, 151 Kan. 287, 98 P. 2d 89) the appeal was dismissed. A motion to reinstate the appeal was granted. A supplemental brief has been filed.

Our statute G. S. 1935, 60-2928, provides:

"The referees shall be allowed such compensation for their services as the court may deem just and proper, which shall be taxed as part of the costs in the case."

In *Insurance Co. v. Stahl*, 78 Kan. 528, 96 Pac. 854, it was held, as stated in the syllabus:

"The words 'exclusive of costs,' as used in subdivision 3 of section 542 of the civil code, mean such costs as are provided for by statute and may be computed and taxed by the clerk of the court, and do not include any allowance as an attorney's fee to the prevailing party, the amount of which cannot be computed and determined under statutory provisions, but must be determined judicially by the court."

This rule was followed in *Gants v. National Fire Ins. Co.*, 127 Kan. 251, 273 Pac. 406. In the latter case it was said:

"In the consideration of this question in 2 R. C. L. 30, attorney fees, when taxed as costs, were called extraordinary costs, and in a number of jurisdictions they are distinguished from the usual and ordinary costs as not being subject to the discretion of the court, and are therefore appealable matters. The allowance of such fees requires a judicial determination in two respects— first, whether the particular case under consideration is one in which it was contemplated such a fee should be allowed; and, second, the amount of the fee that would be reasonable under all the circumstances of the case. These determinations are purely and strictly judicial and subject to review for errors in the conclusions reached, and bear no relation to costs in the case except as the statute provides that they are to be recovered and collected as part of the costs." (p. 252.)

We are clear that the fees allowed to the referee are extraordinary costs within the rule stated in these decisions. Our order heretofore made, dismissing the appeal, is hereby set aside.

On the merits we must consider the following statutes:

"Where it is not otherwise provided by this and other statutes, costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific real or personal property."

"Costs shall be allowed of course to any defendant upon a judgment in his favor in the actions mentioned in the last section." (G. S. 1935, 60-3704, 60-3705.)

Appellant contends the costs mentioned in 60-3705 include fees allowed to referees. We are unable to agree with this contention. We do not think that costs, as used in this section, was intended to include allowances made by the court to a referee. (See *Grindley v. Woods,* 129 Kan. 269, 282 Pac. 573; *McCleery v. McCleery Lbr. Co.,* 140 Kan. 117, 33 P. 2d 1112.) We have examined the record and are clear that the order made by the referee and approved by the trial court assessing one-half of such extraordinary costs to the defendant was fair and equitable.

The judgment is affirmed.