BARTOLA TORRES, Plaintiff and Appellee, *v.* MARÍA LUISA
BLANES, Defendant and Appellant.

No. 10279. Argued February 12, 1951.—Decided June 27, 1951.

*Héctor González Blanes* and *F. Fernández Cuyar* for appellant.
*J. M. Valentín Esteves* for appellee.

MR. ACTING CHIEF JUSTICE TODD, JR., delivered the opinion of the Court.

In the complaint filed in the District Court of San Juan in this action for treble damages under § 205 of the Federal Housing and Rent Act of 1947, as amended—50 U.S.C.A. App. §1895—[1] the sum of $2,385 was claimed. This sum corresponded to three times the amount in excess of the

---

[1] Section 205 provides in part:

*"Section 1895.—Recovery of damages*

"Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under Section 204 [Section 1894 of this Appendix] shall be liable to the person from whom he demands, accepts, or receives such payment (or shall be liable to the United States as hereinafter provided), for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amount of (1) $50, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent which could lawfully be demanded, accepted, or received, whichever in either case may be the greater amount: *Provided,* That the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation. Suit to recover such amount may be brought in any Federal, State, or Territorial court of competent jurisdiction within one year after the date of such violation: . . ."

rental fixed by the O.P.A., which was $60 per month, to the dwelling leased by the plaintiff, on the ground that the defendant had charged $75 per month during 53 months, that is, a $15 monthly overcharge. The court correctly held in its judgment that recovery, pursuant to the terms of § 205, could not exceed three times the amount of the overcharges made within the year prior to the filing of the complaint [2] and assessed the damages to which the plaintiff was entitled in the sum of $450, to wit, "the $15 monthly overcharges, at a triple rate, from May 18, 1948 [3] until March 31, 1949, that is, ten months at the rate of $45 each month, which makes up a total of $450."

Inasmuch as § 205, *supra*, provides that suit may be brought in any court of "competent jurisdiction," the lower court decided that notwithstanding the fact that the damages amounted to $450, the reasonable attorney's fees assessed by the court by virtue of the aforesaid Section, namely, $75, could and should be added to said sum. Thus the court arrived at the conclusion that since the sum awarded exceeded $500, it had jurisdiction to entertain the case.

The first error assigned by the defendant-appellant in this appeal challenges the conclusion of the court *a quo* as to the jurisdictional question, on the following grounds: (1) because the treble damages recoverable in law were less than $500; (2) in making the jurisdictional amount depend on the additional amount fixed by the court for attorney's fees, and (3) in not excluding in the estimate made by the

---

[2] *Meyercheck* v. *Givens*, 180 F. 2d 221 (C. A. 3, 1950); *Bates* v. *McClees*, 78 F. Supp. 1022 (D. C. Pa., 1948); *Citrone* v. *Palladino*, 77 N.Y.S. 2d 489 (S. C., 1947); Annotation, 10 A.L.R. 2d 249, 308. The general rule is that the jurisdictional amount is determined by the amount claimed in the complaint. Nevertheless, these cases reiterate the exception to said rule to the effect that if it appears from the face of the complaint that the plaintiff is only entitled to a part of said sum, such part determines the jurisdiction of the court. *Compañía Cervecera* v. *Municipality*, 65 P.R.R. 558, 561.

[3] The complaint was filed on May 18, 1949.

court, as a rental not paid by the plaintiff, the rent corresponding to the month of March 1949, with which exclusion the amount would not reach $500, even though the sum of $75 as attorney's fees could be included as part of the jurisdictional amount.

■■ The third ground of this error lacks merit. The court estimated that the overcharges had been made during *ten* months from May 18, 1948 to March 31, 1949. Assuming without deciding that the appellant had not made the $15 overcharge in the month of March 1949, the appellee would anyhow be entitled to recover damages for the ten months which the court awarded her inasmuch as from May 1948 to February 1949, both inclusive, ten months had elapsed. Since the complaint was filed on May 18, 1949, plaintiff was entitled to recover all overpayments made within the preceding year and, unquestionably, the payment made on May 30, 1948, fell within that year.

■ The other two grounds given present a single question, to wit: whether to determine that the court *a quo* was a court of "competent jurisdiction" to entertain the case, the reasonable attorney's fees assessed by the court may be added to the damages proved and awarded, when the latter are less than the jurisdictional amount of the court.

The parties have not cited any case construing § 205, *supra*, wherein this question has been decided in connection with the jurisdiction of state or territorial courts.[4] To support its judgment the lower court cites *Smallwood Bros.* v. *Fernández et al.*, 40 P.R.R. 658 and *García* v. *Heirs of Rodríguez*, 61 P.R.R. 590. Appellant claims that the holding in said cases supports her contention that the trial court lacked jurisdiction. Let us see. Both cases involved actions

---

[4] There are numerous cases with regard to the jurisdiction of federal courts to entertain these cases when the amount of the damages is less than $3,000, but we have not found any case either in which the amount for attorney's fees has been taken into consideration to determine the jurisdiction of said courts. See cases cited in 10 A.L.R. 2d 304 and 50 U.S.C.A. App. § 1895, 1951 Supplementary Pamphlet 724.

to collect due promissory notes. In *Smallwood Bros.* suit was brought in a municipal court for $405.24, balance due, plus interest at 12 per cent and a reasonable attorney's fee *in accordance with a stipulation contained in the note.* The district court having decided, on appeal, that the municipal court lacked jurisdiction to entertain the case, this Court reversed said judgment stating:

". . . The judgment of the municipal court was for $405.24, with interest and costs. If $50, or more had been added thereto as a reasonable attorney's fee, the total amount would still had been well within the jurisdiction of the court. It could hardly me contended, by defendants at least, that 10 per cent of the amount in controversy is not enough to pass as a reasonable attorney's fee.

"The prayer was for a judgment in the sum of $405.24, with interest, costs and attorney's fees. Such a prayer when contained in a complaint filed in a municipal court, should be construed as a request for the allowance of a fee which, when added to the principal, plus interest and costs, will not exceed the jurisdictional amount."

*García* v. *Heirs of Rodríguez, supra,* was filed in a district court to claim the amount of a due promissory note for $500. The sum of $150 for costs, expenses, disbursements, and attorney's fees was agreed to in the note. The defendants alleged want of jurisdiction and the court granted the complaint and awarded, in addition to the $500, the costs and $60 as attorney's fees. In this Court the appeal taken from said judgment was dismissed as frivolous and it was held that the district court had jurisdiction inasmuch as the payment of attorney's fees having been agreed to in the note, even though included within the costs, expenses, and disbursements, any award to that effect would increase the jurisdictional amount to more than $500. *Smallwood Bros., supra,* was cited with approval to support the jurisdictional amount and also the prevailing rules with respect to this matter were set forth, with extensive citations from authorities, to wit: (1) that the sum of the attorney's fees, when

payment thereof has been previously agreed to, should be added to the principal owed in order to determine whether the sum in controversy is within the jurisdiction of the court, since such fees are not considered costs, and (2) that when attorney's fees are considered costs, they do not form part of the amount in controversy. It was further held that in Puerto Rico, pursuant to § 327 of the Code of Civil Procedure, as amended by Act No. 94 of 1937, attorney's fees do not form part of costs and are allowed only when they have not been previously agreed to by the parties, if the party against whom they are taxed has been obstinate. However, we said at p. 595:

". . . When their payment is previously agreed to by the parties, although the stipulation also refers to costs, as is the case here, the taxing is not done by the court on the basis of obstinacy on the part of the losing party in the litigation, but on the basis of the stipulation entered into by the party itself in contracting the obligation. *It is for that reason that in such a case the amount of the attorney's fees contained in the stipulation may and should be taken into consideration in order to determine the amount in controversy for the purposes of determining the jurisdiction of the court to entertain the action.*" (Italics ours.)

Even though these two cases do not present the same question involved here, for both refer to attorney's fees which had been previously agreed to in the promissory notes, in the *Smallwood Bros.* case in a reasonable sum and in the *García* case included in the sum of $150 for costs, expenses, and disbursements, they are indeed similar since the provision contained in § 205, *supra*, to the effect that the court shall determine reasonable attorney's fees and costs, regardless of and in addition to the amount of the damages awarded, establishes and recognizes a right in favor of the tenant. Since attorney's fees do not form part of costs in Puerto Rico, and are not allowed in these cases at the discretion of the court based on the obstinacy of the losing party

but are mandatory by statutory provision—*Medina* v. *Hato Rey Realty Co.*, *ante*, p. 595—they are rather a penalty and being such, they may be considered in order to determine the jurisdictional amount. See cases cited in the Annotation in 77 A.L.R. 991, 1012. Thus, in *Conner* v. *Connecticut Fire Ins. Co.*, 292 Fed. 767 (D. C. Fla., 1923), it was decided that where the statute provides that there shall be adjudged against the insurer and in favor of the insured a reasonable sum as fees for his attorney prosecuting the suit and further provides for the fixing of this sum by the court or jury upon testimony, the attorney's fees provided by the statute are a penalty and not costs and as such, they may be considered in arriving at the jurisdictional amount in controversy. This doctrine was ratified in *Orlando Candy Co.* v. *New Hampshire Fire Ins. Co.*, 51 F. 2d 392 (D. C. Fla., 1931), which cited *Sioux County* v. *Nat. Surety Co.*, 276 U. S. 238. This latter case holds that the fact that a Nebraska statute allowed fees to be taxed "as part of the costs" in actions upon guaranty and insurance contracts, does not mean that they are costs in the ordinary sense and that they could not be considered as costs under § § 823 and 824 of the Revised Statutes of the United States, in actions in federal courts, but that they must be allowed in said courts, just as in state courts, as part of the judgment.

To the same effect see *Gants* v. *National Fire Ins. Co.*, 273 Pac. 406 (S. C. Kan., 1929); *State* v. *Barrs*, 99 So. 668 (S. C. Fla., 1924).

It is true that in *Missouri, Kansas & Texas Ry.* v. *Cade*, 233 U. S. 642, —cited by this Court in *Feliciano* v. *P. R. Express Co.*, 67 P.R.R. 351, 354 to uphold the constitutionality of Act No. 10 of 1917, amended by No. 17 of 1945 insofar as it allows attorney's fees to successful workmen or employees and not to defendant employers obtaining judgment in their favor under said law—it was held that a statute which imposed reasonable attorney's fees not exceeding

$20 in connection with claims for less than $200, did not impose a penalty, it being said: "Manifestly, the purpose is merely to require the defendant to reimburse the plaintiff *for a part* of his expenses not otherwise recoverable as 'costs of suit.' So far as it goes, it imposes only compensatory damages upon a defendant who, in the judgment of the legislature, unreasonably delays and resists payment of a just demand." (Italics ours.)

Such is not the situation under § 205, *supra*, for the minimum amount of attorney's fees to which the tenant is entitled as partial compensation for those which he may have incurred, is not fixed in the statute. The reasonable attorney's fees fixed by the court under § 205 are not of a partial compensatory nature but rather that sum to which, under every attendant circumstance, the claimant is entitled as a penalty in addition to the damages awarded. Even though he is also entitled to the costs, properly speaking, such costs have never been taken into consideration, as far as we know, to determine the jurisdictional amount.

On the other hand in *Williams* v. *Gibson*, 59 S. E. 2d 602 (S. C. N. C., 1950) § 205, *supra*, was construed in the sense that it vested the tenant with the right to recover from the lessor, in addition to costs, two items, to wit: (1) liquidated damages, and (2) reasonable attorney's fees; that the latter item was severable from the liquidated damages at the option of the tenant who could validly abandon it altogether and sue the lessor for the item of damages only and that, in such a case ". . . the jurisdiction of the court in which the suit is brought is to be tested by the amount of the liquidated damages demanded."

The appellant argues also that in any event the lower court abused its discretion in fixing attorney's fees in $75, since in *Smallwood Bros, supra*, it was held that in a claim for $405, 10 per cent of the amount in controversy was a reasonable sum and that had 10 per cent of $450, that is, $45, been awarded in the case at bar, the total amount would

not have exceeded the required jurisdictional amount. The *dictum* in *Smallwood Bros.* does not constitute an inflexible test to determine the reasonableness in the award of attorney's fees. That was a simple case to collect a due promissory note, whereas here, several questions in regard to the Federal Housing and Rent Act were litigated and disposed of. It can hardly be argued that the amount of $75 awarded is not a reasonable sum. In *Hamel* v. *Elliott*, 54 S. E. 2d 688 (C. A. Ga., 1949) it was decided that the court did not abuse its discretion upon awarding attorney's fees in the sum of $20 based on a $20 judgment for damages under § 205, *supra*. In *Smith* v. *Scobee*, 42 N. W. 2d 589 (S. C. Iowa, 1950) an award of $250 for attorney's fees, the amount of the treble damages having been $310.70, was upheld. The first error was not committed.

 In the second assignment the appellant contends that the lower court erred in not dismissing the complaint for insufficiency in the evidence and claims that it was not proved that plaintiff had paid to the defendant the overcharges she demands. This assignment is untenable. Both by the admissions in defendant's answer as well as by plaintiff's evidence it was shown that the latter had made the $75-payments at least until February 1949.

In the third assignment appellant maintains that the raise from $60 to $75 she made in the rental of the dwelling was legal inasmuch as the plaintiff used the leased property as a rooming house and not as a single dwelling unit.

The facts which the court *a quo* found proved show that the plaintiff, for over 10 years, had under a lease the third floor of the building located in No. 65 (today No. 312) Allen Street; that said floor has 10 rooms, including the living and dining rooms; that this property belonged to Dr. I. González Martínez, who was married to the defendant, and upon the liquidation of their community property, the building was awarded, among other properties, to the defendant. In February 1944 the floor occupied by the plaintiff was registered

in the Federal Office of Rent Control by Dr. Jaime Bagué, who at the time was the judicial administrator of the aforesaid community property, said office fixing thereto $60 per month as maximum rent. On March 15, 1944 the plaintiff registered in the same federal agency seven rooms that she rented on said floor and different rentals were fixed thereto. Later on, Mr. H. Torres Solá, defendant's attorney, was of the view that the defendant could increase plaintiff's rental without any order to that effect from the Federal Office of House Control because the premises were being used as a business and in effect on September 5, 1945 the defendant, through said attorney, notified the plaintiff in writing that since October 1, 1945 the rent would be $75 per month. From that date until March 1949 the defendant charged plaintiff said sum. Moreover, on March 18, 1948 plaintiff and her paramour subscribed with the defendant a lease contract for the aforesaid premises, the same $75 per month being fixed as rent. Plaintiff then complained about the increase to the Office of the Housing Expediter and this office on March 8, 1949, through its attorney, notified the defendant that the maximum legal rent of the dwelling was $60 per month, which had never been altered and that she was to abstain from charging a higher rental.

Appellant argues that because of the fact that the O.P.A. had fixed the rent to the seven rooms of the dwelling at plaintiff's request, the owner could demand a rental in excess of $60, provided that said rental did not exceed the total sum of the rent fixed to the rooms, and cites especially *Martino* v. *Holzworth*, 158 F. 2d 845 (C. A. 8, 1947) to support her contention. Even accepting without deciding that Regulation No. 28, which was construed in said case, were applicable in Puerto Rico in October 1945 when the defendant raised the rent, we find nothing in said opinion to the effect that a lessor is empowered, without intervention of the corresponding Rent Office, to increase the rental fixed to a dwelling because the lessee used it as a rooming house.

Nor would the fact that the O.P.A. had fixed the rent to the rooms at plaintiff's request, release the defendant of her duty to apply to said office to obtain an increase for the dwelling. *Govan* v. *Municipal Bond & Mortgage Corporation*, 72 F. Supp. 215 (D. C. Fla., 1945) also cited by the appellant is clearly distinguishable. There the owner had registered the premises with a specific rental and subsequently the same owner divided the premises into two units and entered new registrations with the O.P.A. the corresponding rentals being fixed thereto. Here the appellant without intervention of or authority from the O.P.A. increased the rent and she could not do so—*Woods* v. *Dodge*, 170 F. 2d 761, 763 (C. A. 1, 1948)—notwithstanding her attorney's advice. To avoid conflicts of this sort and the danger of violating the law or its Regulations is that the Office of the Housing Expediter exists and lessors can not take it upon themselves to determine whether or not they are subject to the provisions thereof. *Cf. Medina* v. *Hato Rey Realty Co.*, *supra*.

██ This error was not committed nor the last one assigned to the effect that the court erred in not finding that in any event the violation was not wilful nor the result of defendant's failure to take adequate precautions against violations of the statute.

This assignment is based upon the proviso of § 205, *supra*, which recites that "the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation."

Appellant contends that since she increased the rent on the advice of her attorney, Mr. Torres Solá, that fact is sufficient to prove that she did not act wilfully nor failed to take practicable precautions to avoid violating the Act, as provided by § 205. We do not agree. This would be the easiest way for a lessor to rid himself of the consequences

of an unauthorized increase in the maximum rent fixed by the competent authority. A simple inquiry at the Rent Office would have warned the defendant that she could not take upon herself to increase the rent.

The judgment will be affirmed.