CARROLL, DONALD K., Judge
(dissenting) .
I fully agree with the majority opinion to the extent that I think that the legislature ought to have provided, that the fee of an indigent accused’s attorney in the instant proceeding may. be assessed against the state, but I cannot agree that the legislature has in fact so provided.
Few rules are as firmly established in Florida as that “attorneys’ fees may not be allowed unless provided for by statute or agreement.” See our decision in In re Field’s Estate, 121 So.2d 46 (1960), and the cases cited therein for this proposition. In the present case there is not even a suggestion that there was any agreement for the allowance of an attorney’s fee, so we are compelled, in obeisance to the established rule, to find such authority in the statute. The only conceivable statutory provision that we might consider in this search is that in Section 917.12(7), Florida Statutes, F.S.A., which provides that the state “shall defray all cost and expense necessarily incurred by the state in the ascertainment of whether or not such person is a criminal sexual psychopathic person, as well as that incident to his confinement and treatment in a state institution * * Certainly an attorney’s fee is not incident to the accused person’s confinement or treatment, so we must find the statutory authority, if any, in the words “all costs and expenses necessarily incurred by the state in the ascertainment of whether or not such person is a criminal sexual psychopathic person. * * * »
In many cases the appellate courts of Florida have held that a provision for the allowance of “costs” does not include an attorney’s fee. See, for instance, State ex rel. Royal Ins. Co. v. Barrs, 87 Fla. 168, 99 So. 668 (1924) and Thibert v. Thibert, 106 So.2d 918 (Fla.App.1958). In no case that I have found has a court in this state held that the word “expense” includes an attorney’s fee. Besides, the only “cost and expense” provided for in the instant statute are specifically limited to those “necessarily incurred by the state” in ascertaining whether the person is a criminal sexual psychopathic person. The fee of an accused person’s attorney does not seem to me to fit in this category, for it was neither incurred “by the state,” nor incurred in such ascertainment.
Nevertheless, as I indicated at the beginning of this dissenting opinion, I feel that the legislature should have provided in the statute that the state should pay the fee of the accused person’s attorney, for it declared in Sec. 917.12(2) (d) that such accused “shall have the right to have legal counsel present and assisting him” at the hearing before the court. It would have been perfectly in keeping with the modern trend to safeguard the rights of accused persons, as manifested by the adoption of public defender laws by many state legislatures, including that in Florida, and by the innumerable state and federal court decisions recognizing the fundamental right of indigent accuseds to government-furnished counsel, if our legislature had enacted a provision for an attorney’s fee in Section 917.12(7). Nevertheless, since no court has the power to amend statutes and since our legislature has failed to so provide, I must regretfully enter my dissent from the majority decision. I would reverse that part of the final decree appealed from requiring the State to pay the appellant’s attorney’s fee and otherwise affirm the decree.