(684 P.2d 436)

No. 55,318

FARMCO, INC., a Kansas Corporation, *Appellee,* v. EXPLOSIVE SPECIALISTS, INC., *et al., Defendants,* v. CALIFORNIA UNION INSURANCE, a Corporation, and CANADIAN UNIVERSAL INSURANCE COMPANY, LIMITED, a Corporation, *Third-Party Defendants/Appellants.*

Opinion filed June 14, 1984.

H. W. Fanning and Charles E. Hill, of Kahrs, Nelson, Fanning, Hite & Kellogg, of Wichita, for appellant California Union Insurance Company.

Eric E. Davis and William Tinker, of McDonald, Tinker, Skaer, Quinn & Herrington, of Wichita, for appellant Canadian Universal Insurance Company, Limited.

Calvin McMillan, of Kaplan, McMillan & Klinge, of Wichita, and J. Eugene Balloun, of Balloun & Bodinson, Chartered, of Olathe, for appellee.

Before Abbott, P.J., Meyer, J., and Richard W. Wahl, District Judge, assigned.

Abbott, J.: The trial court awarded attorney fees against two insurance carriers in a garnishment action pursuant to K.S.A. 40-256 and K.S.A. 40-2004. The insurance carriers appeal generally, arguing that 40-256 and 40-2004 do not apply to a garnishment action and that the trial court erred by awarding attorney fees based solely on a contingency fee contract between plaintiff and its counsel.

The plaintiff is Farmco, Inc., which contracted to have work done requiring the use of explosives. Farmco required its contractor to furnish a certificate of insurance covering any damage to its property as a result of the use of the explosives.

The defendant California Union Insurance Company issued a policy providing $100,000 coverage. The defendant Canadian Universal Insurance Company, Limited, issued a policy with excess coverage up to one million dollars.

Farmco's property was damaged by an explosion, the liability for which was covered under the insurance contracts. It recovered a judgment against the contractors and others in the amount of $296,521.20, including prejudgment interest. This court affirmed that judgment in an unpublished opinion, Farmco, Inc. v. Anderson Excavating & Wrecking Co. (No. 52,495 filed January 21, 1982) (7 Kan. App. 2d xii).

California Union paid $7,750 of its policy to other parties before judgment was entered against its named insured. On February 5, 1982, California Union paid $92,250 on the judgment. On March 3, 1982, Canadian Universal paid $138,409.90 on the judgment. The two insurance carriers could not agree on which of them owed the pre- and post-judgment interest, and despite repeated demands by Farmco the balance was not paid.

On August 23, 1982, Farmco garnisheed the insurance carriers. They answered separately and both denied owing the outstanding balance. Farmco took exception to their answers. A hearing

was held on December 15, 1982, at which time the two insurance carriers admitted that Farmco was entitled to the remaining unpaid balance. Neither carrier had paid the claim because each thought the other was liable for it. In awarding attorney fees, the trial court found in part:

"3. [T]hat the garnishment answers filed by California Union and Canadian Universal are not proper or correct in that they deny owing money to the plaintiff when, in fact, said carriers did owe the balance of plaintiff's judgment and do have money in their possession belonging to the plaintiff.

"4. [T]hat pursuant to K.S.A. 40-2004 and K.S.A. 40-256, plaintiff is entitled to a reasonable attorney fee under all present and existing facts and circumstances; that as of the last date of payment made by Canadian Universal on March 3, 1982, there was owing to the plaintiff the sum of $122,610.71; that plaintiff's 25% contingency attorney fee is reasonable under the facts and circumstances; that plaintiff's argument that plaintiff should recover the full amount of plaintiff's attorney fees incurred prior to the Court of Appeals affirming plaintiff's judgment on January 21, 1982 is rejected on the grounds that the issue of attorney fees was argued on appeal and is now moot; that the Court, however, does now have jurisdiction over the insurance carriers by reason of the garnishment action and does find that plaintiff should be granted a judgment for attorney fees against California Union and Canadian Universal, jointly and severally, as of December 15, 1982 in the amount of $30,652.68.

"5. [T]hat plaintiff should be further granted judgment for all principal and interest against California Union and Canadian Universal, jointly and severally, as of December 15, 1982 in the sum of $136,160.41; that said judgment, plus attorney fees heretofore awarded shall be paid within 10 days from the date of filing this order."

The $136,160.41 judgment was paid by Canadian Universal, but both carriers appeal the trial court's award of attorney fees to Farmco.

The insurance carriers' first argument is that the instant action is one in garnishment and the garnishment statutes do not provide for recovery of attorney fees by a garnishor. The law in Kansas is that in the absence of clear and specific statutory authority, attorney fees are not recoverable. See *In re Miller,* 228 Kan. 606, 620 P.2d 800 (1980); *Jones v. Smith,* 5 Kan. App. 2d 352, 616 P.2d 300, *rev. denied* 228 Kan. 806 (1980).

Under the garnishment statutes, only a garnishee may recover attorney fees. K.S.A. 60-721(a) provides in part:

"Upon determination of the issues, either by admissions in the answer or reply, or by default, or by findings of the court on controverted issues, judgment shall be entered fixing the rights and liabilities of all the parties in the garnishment proceedings . . . [and] *if the answer of a garnishee is controverted without good cause,* the court may award the garnishee judgment against the party

controverting such answer damages for his or her expenses, including reasonable attorneys' fees, necessarily incurred in substantiating the same." (Emphasis supplied.)

The insurance carriers argue that the foregoing statute is exclusive; that attorney fees cannot be awarded in any other circumstances or pursuant to any other statute. No authority is cited which directly supports their argument. The trial court awarded attorney fees pursuant to the insurance statutes, 40-256 and 40-2004.

K.S.A. 40-256 provides:

"That in all actions hereafter commenced, *in which judgment is rendered against any insurance company* as defined in K.S.A. 40-201, and including in addition thereto any fraternal benefit society and any reciprocal or interinsurance exchange on any policy or certificate of any type or kind of insurance, if it appears from the evidence that such company, society or exchange has refused without just cause or excuse to pay the full amount of such loss, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action, including proceeding upon appeal, to be recovered and collected as a part of the costs: *Provided, however,* That when a tender is made by such insurance company, society or exchange before the commencement of the action in which judgment is rendered and the amount recovered is not in excess of such tender no such costs shall be allowed." (Emphasis supplied.)

K.S.A. 40-2004 provides:

"In any action in which any judgment is rendered against an unauthorized, foreign or alien insurer upon a contract of insurance issued or delivered in this state to a resident thereof or to a corporation authorized to do business therein, if it appears from the evidence that such insurer has refused to pay such loss, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee to be recovered and collected as part of its cost: *Provided, however,* That when a tender is made by such insurer before the commencement of the action in which judgment is rendered and the amount recovered is not in excess of such tender, no such costs shall be allowed."

In *Coleman v. Holecek*, 542 F.2d 532, 538 (10th Cir. 1976), the Tenth Circuit Court of Appeals, applying Kansas law, held that attorney fees were recoverable under 40-256 in a garnishment action by a judgment creditor against the judgment debtor's insurance carrier.

"The garnishor in a garnishment proceeding stands in the shoes of his debtor. *Gilley v. Farmer,* 207 Kan. 536, 485 P.2d 1284, 1290 (1971). Since Holecek would have been entitled to recover his attorney's fees had he brought the instant suit, Coleman argues that he, too, is entitled to attorney's fees.

"The language of K.S.A. 40-256 lends strong support to this argument. . . . [T]he statute does not limit its applicability to direct actions by

the insured against the insurance carrier but rather provides for recovery in *all* actions against the carrier in which there has been an unjustified refusal to pay under the policy. Since the statute is compensatory in nature, *Wolf v. Mutual Benefit Health & Accident Association,* 188 Kan. 694, 366 P.2d 219, 226 (1961), it is only just that the garnishor as well as the insured be permitted to recover the costs of enforcing the insurance policy."

The Tenth Circuit then rejected an argument similar to that advanced by the insurance carriers here, that the garnishment statute providing for attorney fees is exclusive, stating:

"Allstate relies on *Bollinger v. Nuss* [202 Kan. 326, 449 P.2d 502 (1969)], in support of its contention that K.S.A. 40-256 is inapplicable to a garnishment proceeding. In *Bollinger* the Kansas Supreme Court held:

" 'A proceeding in garnishment is regarded as a special and extraordinary remedy provided by statute. The statutory provisions governing the exercise of such a proceeding are conclusive and exclusive of all other provisions of the code of civil procedure pertaining to civil actions generally.'

202 Kan. at 342, 449 P.2d at 514. Since the statutes governing garnishment proceedings not only fail to provide for attorney's fees for plaintiffs in garnishment proceedings but also imply that such fees are *not* to be awarded, see K.S.A. 60-721, Allstate contends that the allowance of attorney's fees was improper.

"The notion that the garnishment statutes are the exclusive source of law governing garnishment proceedings has been questioned in more recent Kansas cases. For example, in *Gilley v. Farmer, supra,* the court refused to follow *Domann v. Pence,* 185 Kan. 702, 347 P.2d 373 (1960), a case containing language almost identical to that used in *Bollinger.* Thus in *Gilley* the court sanctioned the use of a motion to strike, even though that particular procedural device is not provided for in the statutes governing garnishment statutes. While *Gilley* is not dispositive of the question of whether attorney's fees are available in a garnishment proceeding based on an insurance carrier's wrongful failure to defend its insured, it does cast doubt on the continuing validity of the passage from *Bollinger* relied upon by Allstate.

"Not only is *Bollinger* questionable authority for the position taken by Allstate, the very language relied on by Allstate is inapplicable to the case at bar. *Bollinger* states only that the garnishment provisions of the code of civil procedure preempt any other provisions of the code of civil procedure. However, K.S.A. 40-256 is not part of the code of civil procedure but, rather, is found in the insurance code. The court therefore concludes that the specific provisions of 40-256 of the insurance code providing for the award of attorney's fees in cases such as this one take precedence over the more general provisions of the code of civil procedure, including the garnishment statutes found therein."

The insurance carriers here argue that *Coleman* was an erroneous interpretation of Kansas law in view of the 1978 amendment to 60-721, wherein the legislature repealed a successful garnishor's right to attorney fees in a garnishment proceeding. But, *Coleman* was decided in 1976 and was the only

case appearing in the annotation to K.S.A. 1977 Supp. 60-721. When 60-721 was amended in 1978, the legislature was aware of the *Coleman* decision but did nothing to nullify it. In determining the legislature's intent in amending a statute, a reviewing court should look to the historical background of the amendment, the circumstances attending its passage, and the legislature's reaction or inaction to judicial interpretation of its intent. *Ropfogel v. Enegren,* 7 Kan. App. 2d 644, 646, 646 P.2d 1138 (1982). The legislature's inaction adds weight to the *Coleman* decision.

The insurance carriers also argue that the award of attorney fees in garnishment actions is against the weight of Kansas authority for the simple reason that no Kansas case has ever held that 40-256 or 40-2004 applies in such a situation. See *Covill v. Phillips,* 455 F. Supp. 485 (D. Kan. 1978). A more appropriate statement would be that no Kansas case has ever squarely decided the issue; however, there have been several cases wherein 40-256 was applied to similar factual situations without considering the propriety of the application. In *Watson v. Jones,* 227 Kan. 862, 610 P.2d 619 (1980), a judgment creditor of an insured brought garnishment proceedings against the insured's insurance carrier, and also requested attorney fees under 40-256. The Supreme Court stated:

"[The Watsons] assert the trial court erred in refusing their request for attorney's fees in the garnishment proceedings. *Allowance of attorney's fees in such cases is permitted under K.S.A. 40-256* when judgment is rendered against an insurance company which has refused without just cause or excuse to pay the full amount of the loss." 227 Kan. at 870-71 (emphasis supplied).

In *Bell v. Tilton,* 234 Kan. 461, 473, 674 P.2d 468 (1983), the Supreme Court did not award attorney fees in a garnishment action—not because 40-256 did not apply to a garnishment proceeding, but because the garnishor had not met the requirements of 40-256. The Court thus implied its applicability if the requirements of the statute are met.

In *Boone v. Lowry,* 8 Kan. App. 2d 293, 657 P.2d 64 (1983), a judgment creditor of an insured instituted garnishment proceedings against the insured's insurance carrier. This court found that the insurance carrier wrongfully refused to pay its insured. The case was remanded with directions to enter judgment in the garnishment proceeding for the judgment

creditor for the amount of the loss *"plus attorney fees pursuant to K.S.A. 40-256."* 8 Kan. App. 2d at 302 (emphasis supplied).

The insurance carriers next argue that even if 40-256 and 40-2004 are applicable to a garnishment proceeding, the requirements of the statutes have not been met under the facts of this case.

They first argue that 40-256 applies to all actions in which a judgment is rendered against an authorized insurance carrier, and that 40-2004 applies to any action in which any judgment is rendered against an unauthorized insurance carrier. They reason that since they were not parties to the original tort action in which Farmco received a judgment against their insured, there has been no judgment rendered against them.

In support of this argument, appellants cite *Covill v. Phillips,* 455 F. Supp. at 488, which stated that 40-256 was inapplicable to the garnishment action before it because no judgment was rendered against the insurance carrier in the original action against the insured. The court cited no authority for this statement but based its decision on a finding that the insurance carrier had not refused to pay without just cause or excuse.

The appellants also cite *Gants v. National Fire Ins. Co.,* 127 Kan. 251, 273 Pac. 406 (1929), but in *Gants* there was no judgment of any kind except for the attorneys' fees and costs.

In *Johnson v. McArthur,* 226 Kan. 128, 135, 596 P.2d 148 (1979), the Supreme Court stated:

> "In all likelihood, it would be impossible to draft a statute which would be fair to all persons in all cases. The legislature has spoken, however, by enacting the present statutes, and it is not the role of this court to speculate on possible improvements therein. The fundamental rule of statutory construction, to which all other rules are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statutes. When a statute is plain and unambiguous the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. *Thomas County Taxpayers Ass'n v. Finney,* 223 Kan. 434, 573 P.2d 1073 (1978)."

See also *Krauzer v. Farmland Industries, Inc.,* 6 Kan. App. 2d 107, 626 P.2d 1223, *rev. denied* 229 Kan. 670 (1981).

The statutes here require only that in *all* actions in which judgment is rendered against any insurance carrier (40-256), or in *any* action in which any judgment is rendered against an unauthorized insurer upon a contract of insurance (40-2004), the

"plaintiff" may recover a reasonable attorney fee. The plain meaning of the language used supports an interpretation that *any* judgment rendered against an insurance carrier suffices if it meets the remaining requirements of the statute.

In *Watson v. Jones,* 227 Kan. 862, and *Bell v. Tilton,* 234 Kan. 461, the only judgment rendered against the insurance carrier was the one in the garnishment proceeding, but the issue of whether that judgment was sufficient to invoke 40-256 was not discussed. In *Boone v. Lowry,* 8 Kan. App. 2d 293, the only judgment rendered against the insurance carrier was the one in the garnishment proceeding, but this court found that 40-256 applied to the facts of that case.

The issue of whether a judgment must be rendered against an insurance company in the original tort action before 40-256 will apply in a subsequent proceeding against the insurance company was presented to our Supreme Court in *American States Ins. Co. v. Hartford Accident & Indemnity Co.,* 218 Kan. 563, 545 P.2d 399 (1976). There, Hartford was the primary insurer and American States was the secondary insurer. An action against the insured was settled by American States. American States then brought an action against Hartford based on Hartford's wrongful refusal to defend the insured which obligated American States to undertake the insured's defense. American States asked for attorney fees pursuant to 40-256. Hartford argued that 40-256 did not apply because no judgment had been entered against it in the original tort action. The Supreme Court found that argument and Hartford's other argument that 40-256 only applied to "insureds" to cover an insured's losses were without merit and allowed recovery of attorney fees to the original plaintiffs. Recovery of attorney fees by American States was not allowed because it did not prevail in the action.

Here, the trial court rendered judgment *against the insurance carriers* for the unpaid balance of the judgment from the original tort action against the insured. That judgment would come within the requirements of 40-256 and 40-2004. A judgment rendered in a garnishment action "is as much of a judgment against the garnishee as though rendered in any other civil action." *Harwi v. Klippert,* 67 Kan. 743, 746, 74 Pac. 254 (1903).

The insurance carriers next argue that the judgment rendered against them in the garnishment proceeding was not a judgment

*based on a policy of insurance.* They did not, however, appeal the trial court's finding that Farmco was a third-party beneficiary of the appellants' contracts of insurance; Farmco stood in the shoes of the insured and therefore the money owed to the insured under the policies of insurance was ordered paid to Farmco. The only basis of liability in the garnishment proceeding was the insurance contracts, without which Farmco's judgment against the appellants' insured would have no effect whatsoever on the appellants. In *Gilley v. Farmer,* 207 Kan. 536, 543-44, 485 P.2d 1284 (1971), the Supreme Court held:

"[W]e see little distinction in principle between *a garnishment proceeding to establish an indebtedness within policy limits* and one to establish an indebtedness outside these limits arising from a breach of the insurer's duty to exercise reasonable care and good faith in settling a claim against the insured. *In either case the action sounds in contract."* (Emphasis supplied.)

In *Nichols v. Marshall,* 491 F.2d 177, 183 (10th Cir. 1974), the Tenth Circuit Court of Appeals stated:

"Under long standing garnishment law in Kansas, once judgment has entered, the judgment creditor then takes the place of the judgment debtor and may take that which the latter could enforce. Burlington & M. R. R. Co. v. Thompson, 31 Kan. 180, 1 P. 622 (1884). So, there is no doubt but that a judgment creditor in a typical personal injury case where the tort-feasor is alive, and not deceased, may proceed by garnishment against the tort-feasor's insurer to satisfy within policy limits the judgment obtained against the tort-feasor. And Kansas courts have gone a step farther and have held that a judgment creditor may proceed by garnishment against a tort-feasor's insurer for the unpaid balance of the judgment which is in excess of the policy limits where the insurer refused to settle within policy limits by virtue of negligence or bad faith, *the courts holding that such claim sounds in contract* and is subject to garnishment even though unliquidated. Gilley v. Farmer, 207 Kan. 536, 485 P.2d 1284 (1971), and Bollinger v. Nuss, 202 Kan. 326, 449 P.2d 502 (1969)." (Emphasis supplied.)

The issue of whether a garnishment proceeding to collect the unpaid portion of an insurance policy is an action based on a policy of insurance was not touched upon in *Watson v. Jones,* 227 Kan. 862, *Bell v. Tilton,* 234 Kan. 461, or *Boone v. Lowry,* 8 Kan. App. 2d 293 (where recovery of attorney fees was allowed in such a proceeding). The judgment rendered in the garnishment proceeding here was a judgment based on a policy of insurance.

The insurance carriers next argue that 40-256 and 40-2004 were intended to give relief only to insureds and not judgment creditors. However, 40-2001 states that the unauthorized insurance act subjects certain insurers to suits in this state by or on

behalf of insureds or beneficiaries. The trial court found Farmco to be a third-party beneficiary of the insurance contracts and this finding was not appealed.

The plain language of the statutes refers only to "plaintiffs" and does not limit the applicability to "insureds." If the legislature had intended to limit the applicability of the statutes, "it could have easily accomplished this result by using the phrase 'any insured named in the policy,' throughout the statute." *Forrester v. State Farm Mutual Automobile Ins. Co.*, 213 Kan. 442, 447, 517 P.2d 173 (1973).

The insurance carriers then argue that in the four reported cases they cite wherein attorney fees were awarded pursuant to 40-256, the *insured* had prevailed in a *direct* action against the insurance carrier on the policy. The appellants overlook *American States Ins. Co. v. Hartford Accident & Indemnity Co.*, 218 Kan. at 575, whereby an insurance carrier would have been allowed to recover attorney fees under 40-256 if it had prevailed in an action against another insurance company for wrongful refusal to defend a mutually insured. In *Boone v. Lowry*, 8 Kan. App. 2d at 302, a *judgment creditor* recovered attorney fees under 40-256 in a *garnishment* action against an insured's insurance carrier. In *Estate of Bingham v. Nationwide Life Ins. Co.*, 7 Kan. App. 2d 72, 638 P.2d 352 (1981), *aff'd as modified* 231 Kan. 389, 646 P.2d 1048 (1982), *beneficiaries* of an insurance contract recovered attorney fees under 40-256 in an action on the contract; see also *Watson v. Jones*, 227 Kan. 862, *Bell v. Tilton*, 234 Kan. 461, and *State, ex rel., v. Masterson*, 221 Kan. 540, 551, 561 P.2d 796 (1977), wherein third-party judgment creditors were denied attorney fees, not because they were not insured but because they had failed to prove wrongful refusal to pay. To allow only the insureds to recover for wrongful refusal to pay would undermine the purpose of the statutes to provide for swift payment to those who have suffered losses.

The insurance carriers do *not* dispute Farmco's right to recover the unpaid portion of the judgment. "It is clear that whether there has been a delay in payment 'without just cause or excuse,' supporting an award of attorney fees, is a matter committed to the trial court's discretion." *DiBassie v. American Standard Ins. Co. of Wisconsin*, 8 Kan. App. 2d 515, 523, 661 P.2d 812 (1983). The trial court did not abuse its discretion in this

regard considering the insurance carriers' admission that there was no dispute that Farmco was owed the money and considering their failure to appeal the trial court's finding of delay in payment without just cause or excuse.

The insurance carriers next argue that the award of attorney fees in the sum of $30,652.68 was unreasonable and ask that this court award a reasonable fee, suggesting $1,000. They argue that the only evidence presented as to the reasonableness of the $30,652.68 attorney fee was the contingency fee contract which allowed 25 percent of the recovery. The recovery in the garnishment proceeding alone was $136,160.41. The award of $30,652.68 does not include attorney fees for the original action or any other service besides this garnishment action. The appellants presented no evidence at all at the garnishment proceeding as to the unreasonableness of the attorney fee award, even after stipulating that the plaintiff had a 25 percent contingency fee contract.

The Kansas Supreme Court has adopted rules setting forth the factors to be considered as guidelines in determining the reasonableness of a fee:

"(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

"(2) The likelihood, if apparent, to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

"(3) The fee customarily charged in the locality for similar legal services.

"(4) The amount involved and the results obtained.

"(5) The time limitations imposed by the client or by the circumstances.

"(6) The nature and length of the professional relationship with the client.

"(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

"(8) Whether the fee is fixed or contingent."

Code of Professional Responsibility, DR 2-106 (232 Kan. clxxxi).

It was eight years from the date of the damage before the original action was concluded. This action in garnishment has been in court for nearly two years. The 25 percent attorney fee award was based only on the amount recovered in the garnishment proceeding and not on the amount recovered in the original action. From the protracted nature of this case, it is apparent that the attorneys' participation in this action precluded other employment. The fee customarily charged in garnishment proceedings is frequently contingent on the recovery. The amount

of money involved here was relatively large and the results obtained were favorable. It is evident from the record that the garnishment proceedings required a great deal more time than the average garnishment, especially considering this appeal. The contingency fee arrangement is some evidence of the value of the attorneys' services in the community. The hearings before the trial court were held in Garden City, which required extended travel time for the plaintiff's attorney based in Wichita.

These facts were before the trial court, which was also in a position to weigh the skill, experience, reputation and ability of the lawyers performing the services for the plaintiff. We are well aware of the outstanding reputation and ability of Farmco's attorneys as well as of the insurance carriers' attorneys, and the record before us conclusively shows the effort made on behalf of the clients by all of the attorneys.

The reasonable value of attorney fees rests within the sound discretion of the trial judge who is an expert in the area and may draw upon his own knowledge and expertise in evaluating their worth. *Brown v. Continental Casualty Co.*, 209 Kan. 632, 641, 498 P.2d 26 (1972). The insurance carriers here claim that the findings of fact are insufficient to support the award of attorney fees because the only evidence to support the court's finding of reasonableness is its reference to the contingency fee arrangement. Obviously the trial court could not use the contingency fee contract as its sole criteria. We cannot say with certainty that the trial court did not consider the factors set forth in DR 2-106.

We have obtained an itemized statement of the time and expenses of Farmco's attorneys. If we were to determine that the trial court abused its discretion in the amount awarded as attorney fees we could fix the fees or remand the action for the presentation of further evidence in this regard. *Buchanan v. Employers Mutual Liability Ins. Co.*, 201 Kan. 666, 443 P.2d 681 (1968); *Scimeca v. Scimeca*, 1 Kan. App. 2d 70, 73, 561 P.2d 904 (1977). We have examined the itemized time records furnished to us and are of the opinion that when the additional time and expenses of defending this appeal are considered the sum awarded represents a reasonable attorney fee.

Affirmed.