**Eldon L. BERGESON, Individually and as administrator of the Estate of Sheryl L. Bergeson, Deceased, Plaintiff,**

v.

**Edward K. DILWORTH and Nathan O. Dilworth, Defendants,**

**State Farm Mutual Automobile Insurance Company, Garnishee.**

**Civ. A. No. 87–1579–FGT.**

United States District Court, D. Kansas.

Jan. 23, 1995.

---

Donald E. Shultz, Shultz & Shultz, Dodge City, KS, Bradley Post, Post, Syrios & Bradshaw, Wichita, KS, for plaintiff.

Darrell L. Warta, Foulston, Siefkin, Powers & Eberhardt, Wichita, KS, for defendants.

Larry A. Withers, Alan R. Pfaff, Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, KS, for Garnishee.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on motions for summary judgment filed by plaintiff (Doc. 243) and by the garnishee State Farm Mutual Automobile Insurance Company (State Farm) (Doc. 245). This is a wrongful death action arising from a collision between plaintiff's decedent and a homemade trailer carrying a backhoe being towed by a pickup truck driven by defendant Nathan O. Dilworth and owned by defendant Edward K. Dilworth. The Dilworths were covered by an automobile insurance policy issued by garnishee State Farm which had policy limits of $200,000. Plaintiff's offer to settle within policy limits was rejected by State Farm. A jury trial followed.

Following a jury verdict in plaintiff's favor, judgment was entered in favor of plaintiff and against the defendants in the amount of $756,795.33 ($256,795.33 in actual damages and $500,000.00 in punitive damages). Defendants appealed.

State Farm initially posted a supersedeas bond in the amount of $200,000. This court ruled in a post-trial opinion that the plaintiff could proceed with a garnishment on the excess. The defendants soon filed bankruptcy petitions in the United States Bankruptcy Court for the Eastern District of Texas. Plaintiff obtained relief from the automatic bankruptcy stay to pursue the garnishment action. State Farm then posted a supersedeas bond sufficient to guarantee payment of the entire judgment. The jury verdict was affirmed in its entirety by the Tenth Circuit Court of Appeals. State Farm thereafter paid into court the amount of the judgment plus interest and costs.

Following State Farm's payment of the entire amount of the judgment, the only matter left for resolution was the issue of attorney fees under K.S.A. 40-256. The Pretrial Order entered in this matter contains the following stipulations of fact and contentions of the parties:

1. Plaintiff recovered a judgment against defendants for compensatory ($256,795.33) and punitive ($500,000.00) damages on May 3, 1990.

2. State Farm had in effect a liability insurance policy with limits of $200,000.00 covering the defendants at the time of the automobile collision out of which the above judgment arose.

3. Plaintiff offered to settle with State Farm for policy limits before the case was filed in court and this offer was rejected.

4. Immediately following entry of the judgment against defendants, plaintiff began garnishment proceedings against State Farm to recover the full amount of the judgment plus attorney fees.

5. Plaintiff's garnishment action proceeded on two theories: first, under the terms of the policy, State Farm had a duty to pay the full amount of the premium on the necessary supersedeas appeal bond; and second, State Farm was in bad faith for failure to settle within its policy limits.

6. During the course of State Farm's appeal on behalf of the defendants, it elected to post a supersedeas bond for the full amount of the judgment, together with interest and costs, thus stopping plaintiff's garnishment action while State Farm prosecuted the appeal on behalf of the defendants.

7. The Tenth Circuit Court of Appeals upheld the full amount of the plaintiff's judgment, and the judgment, together with inter-

est and costs, for a total of $887,424.53, was thereafter paid by State Farm.

8. State Farm has elected not to contest the issue of bad faith refusal to settle on its part and agrees that it is responsible to plaintiff for attorney fees in the garnishment action, pursuant to K.S.A. 40–256. State Farm contests the amount of attorney fees claimed by plaintiff and the method of calculation.

9. State Farm contends that, since it has conceded liability for attorney fees in the garnishment action, no further discovery concerning issues relating to bad faith refusal to settle on the part of State Farm representatives is relevant or admissible.

10. Plaintiff had a contingency fee contract which called for fees of 33⅓%, 40% or 50%. The 50% provision applied and plaintiff paid his attorneys 50% of the total recovery after first deducting expenses. Plaintiff paid the total sum of $426,393.44 in attorney fees and expenses. (The expense figure was $34,-637.65, which was deducted first from the total recovery prior to computing fees, pursuant to the contingent fee contract.)

11. Plaintiff contends that he should be entitled to recover in this garnishment action (if determined on a contingency fee basis) all fees and expenses he actually paid on all amounts in excess of $200,000.00, plus interest. If calculated on a time basis, plaintiff contends he would be entitled to recover reasonable fees and expenses for services of his attorneys for obtaining and collecting the excess judgment. Plaintiff contends that this includes the work and services performed after plaintiff's offer to settle was rejected, including preparing and trying the case, lifting the automatic stay and other proceedings in the Dilworth bankruptcy case, the garnishment proceedings which led to the posting of the supersedeas bond, and the appellate proceedings.

12. State Farm contends that plaintiff's recovery of reasonable attorney fees should be based upon the lodestar with no enhancement.

The statutory provision for attorney fees provides in relevant part:

That in all actions hereafter commenced, in which judgment is rendered against any insurance company as defined in K.S.A. 40–201, ... if it appear from the evidence that such company ... has refused without just cause or excuse to pay the full amount of such loss, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action, including proceeding upon appeal, to be recovered and collected as a part of the costs....

K.S.A. 40–256.

Plaintiff claims entitlement to an attorney fee of at least $336,597.76, the amount plaintiff claims was actually paid for the excess claim when computed under the contingent fee contract. In the alternative, plaintiff requests a fee in the amount of $511,287.65, computed by use of the time expended and the prevailing rate for similarly qualified attorneys.

In its motion for summary judgment, State Farm first argues that it is entitled to judgment as a matter of law on the plaintiff's claim for attorney fees. State Farm argues that plaintiff owed the attorney fee he paid for the recovery obtained in the underlying litigation, and that shifting liability for fees to State Farm would not serve the purposes of K.S.A. 40–256 and would be a windfall to plaintiff. As noted by State Farm, K.S.A. 40–256 is a fee-shifting statute: "It is designed to shift the responsibility for payment of attorney fees to the insurance company where it has refused without just cause or excuse to pay the claim. The theory is that had the insurance company paid the claim in the first instance, it would not have been necessary for the claimant to retain counsel and pursue the claim." Brief in support of State Farm's Motion for Summary Judgment, Doc. 246, pp. 1–2. State Farm's argument on this point demonstrates the justification for an award of fees. State Farm refused to settle within policy limits, making it necessary for plaintiff to file suit against State Farm's insureds. The excess judgment against the Dilworths in turn brought about the claim for bad faith refusal to settle, thereby causing the plaintiff to incur attorney fees in the attempt to hold State Farm liable for the excess judgment. These attorney fees would not have been incurred had State Farm paid the claim in the first instance.

State Farm argues that plaintiff did not recover a judgment against it. Plaintiff recovered a judgment against the defendants, which State Farm paid after the judgment was affirmed on appeal. State Farm is technically correct in stating that no judgment was rendered against it. However, the unique facts of this case compel the conclusion that K.S.A. 40–256 should apply nonetheless.

■ Obtaining a judgment against an insurance company is a condition precedent to the award of attorney fees under K.S.A. 40–256. *Bell v. Tilton*, 234 Kan. 461, 472–73, 674 P.2d 468 (1983). However, the judgment contemplated by the statute need not be after a full trial on the merits. It may include a confession of judgment or a partial settlement. *Wolf v. Mutual Benefit Health & Accident Association*, 188 Kan. 694, 704–05, 366 P.2d 219 (1961).

This action was filed against the Dilworths. The plaintiff had no claim that could be brought directly against State Farm as the Dilworths' liability insurer. State Farm paid for the Dilworth's defense, but was not a party to the underlying litigation. State Farm was brought into the case as a named party only after the entry of judgment. State Farm was not named in the judgment. However, State Farm bound itself to pay the entire judgment by posting a supersedeas bond for the amount of the judgment plus interest. State Farm subsequently paid the entire judgment after it was affirmed on appeal. This act was, in effect, a settlement or confession of judgment sufficient to trigger the operation of K.S.A. 40–256.

In this garnishment proceeding, State Farm has elected not to contest the issue of bad faith refusal to settle and has conceded liability for attorney fees under K.S.A. 40–256. State Farm is in the same position it would have been in had a judgment been entered against it for the full amount of the judgment. Having conceded liability for attorney fees in this garnishment action, State Farm cannot be heard to complain that no judgment was ever entered against it.

■ State Farm next argues that had it paid the $200,000.00 policy limit, plaintiff would have not been better off. While true, this is irrelevant. Obviously, the trial and subsequent proceedings resulted in a better result for both the plaintiff and his attorneys. However, if State Farm had paid policy limits, there would have been no trial, no appeal, and no garnishment. Counsel would not have expended the hours which were devoted to the litigation of this case. It was State Farm's refusal to settle within policy limits that forced the plaintiff to litigate his claim against the defendants and to incur additional fees and expenses in this garnishment action.

■ State Farm next argues that any award for fees should be limited to services rendered in this garnishment action and determined pursuant to the lodestar. State Farm's expert, Jack Focht, has expressed his opinion that plaintiff's counsel should be compensated as follows: Donald E. Schultz: $16,410 to $32,820. This amount is based on Mr. Schultz's time records showing 164.1 hours spent on the garnishment action at an hourly rate of $100 to $200 per hour. State Farm's expert concludes that plaintiff's lead counsel, Bradley Post, is entitled to an award of between $71,750 and $108,000. This amount is based on Mr. Post's estimate of between 410 and 480 hours on the garnishment action multiplied by an hourly rate of $175 to $225 per hour. State Farm's expert was instructed by State Farm's counsel to consider only the hours spent directly on the garnishment action and not on the underlying trial, the appeal or the Dilworth bankruptcies.

The failure of lead counsel Bradley Post to keep accurate contemporaneous time records creates difficulties for the court in awarding a fee. Attorneys who customarily work on a contingent fee basis should keep time records, precisely for situations such as this. However, State Farm has not asked the court to reduce the requested fees because of the lack of contemporaneous documentation and counsel's admitted estimation of his time. State Farm argues that only the time related directly to the garnishment action is compensable.

Post estimates that he spent 550 hours from the time the settlement offer was rejected through the trial of this matter, and an additional 882 hours for post-trial matters. Of the estimated 882 post-trial hours, Post has contemporaneous time records demon-

strating 754 hours. Post does not bill by the hour, but estimates $250 per hour as a reasonable rate. The estimated 1432 hours multiplied by $250 per hour results in a requested fee of $358,000.00. State Farm does not object to awarding Post fees for 410 to 480 hours devoted to the garnishment action.

State Farm does not challenge the hours recorded by co-counsel Schultz as unreasonable. Schultz has submitted an itemized statement, showing 753.40 hours at $200 per hour, for a total of $150,650.00 requested. State Farm does not object to awarding Schultz fees for 164.1 hours devoted to the garnishment action.

 The garnishment proceeding which went forward following the Dilworths' bankruptcies involved the plaintiff's claim that State Farm refused in bad faith to settle within policy limits. Under Kansas law, a claim against an insurance company for bad faith refusal to settle is a contract action. *Glenn v. Fleming,* 247 Kan. 296, 799 P.2d 79 (1990). A wrongful failure to settle arises from the insurance company's contractual duty to defend. An action to enforce that obligation is based on breach of contract. *Id.* at 313, 799 P.2d 79. The insured's claim for bad faith refusal to settle may be assigned. *Id.* at 314, 799 P.2d 79. A plaintiff holding an assignment of the bad faith claim and a covenant not to execute against the insured may garnish the insurer for an excess judgment. *Id.* at 315–19, 799 P.2d 79.

The right to claim attorney fees, although initially belonging to the insured/defendant/judgment debtor, became the plaintiff/judgment creditor's through garnishment proceedings. *Smith v. Blackwell,* 14 Kan. App.2d 158, 164, 791 P.2d 1343 (1989). Plaintiff may recover attorney fees incurred in the garnishment action, but not those incurred in the underlying tort action: "[the plaintiff], by stepping into the shoes of [the defendant insured], is entitled to reasonable attorney fees *for prosecuting the garnishment action.*" *Id.* at 167, 791 P.2d 1343 (emphasis added); *see Coleman v. Holecek,* 542 F.2d 532, 538–39 (10th Cir.1976) (affirming trial court's award of attorney fees for garnishment action); *Watson v. Jones,* 227 Kan. 862, 870–71, 610 P.2d 619 (1980) (discussing attorney fees in

the garnishment proceedings); *Farmco, Inc. v. Explosive Specialists, Inc.,* 9 Kan.App.2d 507, 517–18, 684 P.2d 436 (1984) (fees for garnishment action based upon amount recovered in the garnishment action; no fees for the original action).

This result is consistent with the purposes of the attorney fee statute and the cause of action for bad faith against the insurer. The court must view the facts and circumstances and test the insurer's deficiencies as if the insured were personally challenging the insurer's handling of the plaintiff's claim and as if the insured were seeking recovery for the fees the insured would have been obligated to pay an attorney for doing so. *See Smith v. Blackwell,* 14 Kan.App.2d at 165, 791 P.2d 1343. If the insurer's negligent or bad faith handling of the claim resulted in a trial and an excess judgment against the insured, the insured's potential personal liability would be the amount of the excess judgment. Absent facts not present here, the insured's attorney fees from the trial would have been paid by the insurer as a part of the defense of the underlying lawsuit. If the insured were forced to sue the insurer to recover the excess judgment and the insured prevailed, the insured would be entitled to recover the amount of the excess judgment plus the attorney fees the insured incurred in prosecuting the action against the insurer. The plaintiff/judgment creditor is entitled to no better treatment, since he stands in the shoes of the defendant/judgment debtor. *See Gilley v. Farmer,* 207 Kan. 536, 544, 485 P.2d 1284 (1971).

██ State Farm argues that the fee awarded by the court cannot be based on the contingent fee contract. While there is some language from the Kansas Supreme Court suggesting this, there is no blanket prohibition as argued by State Farm. In *Wolf v. Mutual Benefit Health & Accident Association,* 188 Kan. 694, 366 P.2d 219 (1961), the court stated: "The statute (40–256, *supra*) provides for the allowance of a *reasonable sum* as an attorney fee to be recovered and collected as a part of the costs. It does not contemplate an amount in the nature of a speculative or contingent fee conditioned on winning the case, but only a reasonable fee

for the appellee to pay his attorney for prosecuting the case, . . . ." *Id.* at 713, 366 P.2d 219. The court held, however, that even if the trial court had given undue consideration to the contingency of compensation, the fee that was awarded was reasonable. *Id.* at 715, 366 P.2d 219.

In *Service v. Pyramid Life Insurance Co.*, 201 Kan. 196, 440 P.2d 944 (1968), the court upheld an attorney fee award which was based in part on the contingent fee contract between the plaintiff and her attorney:

> The trial judge acknowledged that the statute authorized "a reasonable sum as an attorney's fee;" that the provisions of any contingent fee contract between the appellee and her counsel should not be enforced against the insurance company under the provisions of the statute, but that there was nothing to prevent the court from considering the terms of such contingent fee contract in making its determination as to a reasonable fee in a case of this kind. The trial court further discussed considerations which entered into its determination of a fee allowance, including the skill with which counsel for the appellee presented the case, and thereupon made its award.

*Id.* at 221, 440 P.2d 944.

 More recent case law from the Kansas courts reflects the propriety of considering the contingent nature of the fee contract as one factor in determining the reasonableness of a fee award. The trial court may not use the contingent fee contract as its sole criteria in setting a reasonable fee. *Farmco, Inc. v. Explosive Specialists, Inc.*, 9 Kan.App.2d 507, 518, 684 P.2d 436 (1984). However, whether the fee is fixed or contingent is one of several factors used in determining whether a fee is reasonable. *Id.* at 517–18, 684 P.2d 436.

 The trial court is an expert in the area of attorney's fees and may draw on its own knowledge and expertise in setting a reasonable fee. *City of Wichita v. B G Products, Inc.*, 252 Kan. 367, 372, 845 P.2d 649 (1993). The reasonable value of attorney's fees rests within the sound judicial discretion of the trial court and its determination will not be disturbed absent an abuse of that discretion. *Id.* at 373, 845 P.2d 649.

The Kansas Supreme Court looks to Rule 1.5 of the Model Rules of Professional Conduct for the factors which should be considered in determining the reasonableness of a fee award. *Id.* at 374, 845 P.2d 649. Those factors are:

> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent.

*Id.* (quoting MRPC 1.5).

Considering these factors, the court finds a reasonable fee for the garnishment action to be as follows. Mr. Schultz shall be awarded fees for 164.1 hours at $200.00 per hour, for a total award of $32,820.00. Mr. Post shall be awarded fees for 500 hours at $250.00 per hour, for a total of $125,000.00. The total fee awarded shall be $157,820.00. The garnishment action presented a novel legal question regarding State Farm's liability under the policy for posting a supersedeas bond for the excess judgment. The hourly rates are in line with the rates charged in this community for attorneys of comparable skill and experience. Counsel expended a great deal of time prosecuting the garnishment and achieved good results for their client. Plaintiff's counsel are experienced and skilled trial lawyers. The court acknowledges that counsel were operating under a contingent fee contract. The court finds, however, that the fee requested by counsel based on the contingent

fee contract ($336,597.76) is excessive and unreasonable. The amount awarded by the court adequately compensates counsel for the time and effort involved in prosecuting the garnishment action.

**IT IS BY THE COURT THEREFORE ORDERED** that plaintiff's motion for summary judgment (Doc. 243) is hereby granted in part and denied in part.

**IT IS FURTHER ORDERED** that garnishee's motion for summary judgment (Doc. 245) is hereby granted in part and denied in part.

**IT IS FURTHER ORDERED** that garnishee State Farm is hereby ordered to pay plaintiff the sum of $157,820.00 for his attorney fees. The Clerk shall enter judgment accordingly.